[No. 39818.     Department One.     May 1, 1969.]

*In the Matter of the Application for a Writ of Habeas Corpus of* PATRICK RALPH SWEET, *Appellant,* v. JACK D. PORTER, *as Sheriff of King County, Respondent.**

*Robert L. Butler,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Michael Dijulio,* for respondent.

PER CURIAM.—Petitioner appeals from an order denying his application for a writ of habeas corpus.

The facts are that, while he was 17 years of age, petitioner was arrested for the crime of burglary. The juvenile court, without a hearing on the merits, declined to take jurisdiction over the cause and transferred him to adult court for trial. Charged in justice court, he pleaded not guilty and was bound over to the superior court for trial.

After becoming 18 years of age, an information was filed against him in superior court charging him with the crime of burglary, second degree. A lawyer was appointed to represent him. Petitioner thereafter entered a plea of guilty to the charge and was sentenced to the Department of Institutions for a term of not more than 15 years.

His application for a writ of habeas corpus was predicated on the theory that the superior court had no jurisdiction over him at the time it accepted his plea of guilty and

*Reported in 454 P.2d 219.

sentenced him on the judgment. This is so, he argues, because he was not given a hearing on the question of whether or not the juvenile court should have retained jurisdiction over him. The assignment of error is without merit.

After the trial court ruled on the petition, we issued our opinion in *State v. Brewster, ante* p. 137, 449 P.2d 685 (1969). There we reaffirmed our rule earlier defined in *State v. Ring,* 54 Wn.2d 250, 339 P.2d 461 (1959); *In re Lesperance,* 72 Wn.2d 572, 434 P.2d 602 (1967); and in *State v. Kramer,* 72 Wn.2d 904, 435 P.2d 970 (1967). In deciding the question of whether a juvenile or adult court has jurisdiction over the cause of a person charged with a crime, we look to the date of trial, not to the date of arrest, information or plea. When the person charged becomes 18 years of age, the juvenile court loses jurisdiction of the cause. At all times while he was before the court that sentenced him, the superior court, Ralph Sweet was 18 years of age. He was therefore properly before that court, and its judgment and sentence are valid. His petition for a writ of habeas corpus was appropriately denied. We affirm.