[No. 1525-2.    Division Two.    June 2, 1975.]

THE STATE OF WASHINGTON, *Respondent,* v. VINCENT SETALA, *Appellant.*

*James P. Billberg* (of *Minium & Billberg*), for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *James Warme, Deputy,* for respondent.

PETRIE, J.—The defendant appeals from a felony conviction. He assigns error to the trial court's failure (1) to grant his motion to dismiss under CrR 3.3(f) for want of prosecution, (2) to enter a written order transferring jurisdiction from juvenile court to the superior court, and (3) to provide a full trial record for this appeal.

The defendant, then 17 years old, was arrested on January 10, 1974. He was transferred to the Cowlitz County jail the following day. On January 17, he first appeared in court, but the record does not reflect the nature of that appearance. Three days later, on January 20, Mr. Setala observed his 18th birthday. An information was filed in the superior court on January 24, charging Mr. Setala with second-degree burglary. On February 7, defense counsel made an oral motion for a psychiatric examination which the court orally authorized on the same date. A written motion was filed on February 8 and a written order authorizing the examination was signed on the 11th. Approximately 1 week later the examination was conducted. The examination results were received by the clerk's office and filed on February 26. Trial began on April 1, 1974.

Prior to trial Mr. Setala moved to dismiss the charges against him, pursuant to CrR 3.3(f), because he had not been brought to trial, pursuant to CrR 3.3(c), "within 60 days following the preliminary appearance." The trial court denied the motion. We agree.

CrR 3.3 (d) provides in part:

The following periods shall be excluded in computing the time for trial:
(1) All proceedings relating to the competency of the defendant to stand trial.

■ The record reflects that a total of 74 days elapsed between the date of preliminary appearance and the date of trial. However, the record also reveals that a period of 19 days elapsed from the date the trial court ordered a psychiatric examination until the date on which the physician's report was filed in the clerk's office. Those 19 days, at least, must be excluded under CrR 3.3 (d) when computing the elapsed time to date of trial. Hence, the defendant was brought to trial within the time limits prescribed by CrR 3.3.

We are compelled to observe, however, that in other instances the exclusionary period need not terminate when the examination results are filed. CrR 3.3 (d) (1) excludes *all proceedings relating to competency.* The rule is broad in scope because competency proceedings can involve a protracted period of time. It may be necessary for the court to review the report prior to making its determination as to whether or not the defendant is competent to stand trial. We believe that CrR 3.3 (d) (1) is sufficiently broad to encompass this period of court review as well as the period of examination. In many instances, therefore, CrR 3.3 (b) or (c) will be reactivated the day the court makes its determination of competency.

■ We pause only briefly to consider the final two assignments of error. First, age of the defendant at the time of trial determines whether adult or juvenile jurisdiction attaches. *Sweet v. Porter,* 75 Wn.2d 869, 454 P.2d 219 (1969). When a juvenile cause is pending and not heard on the merits prior to the time the juvenile reaches 18 years of age, the juvenile court loses jurisdiction over the cause. *State v. Brewster,* 75 Wn.2d 137, 449 P.2d 685 (1969); *State v. Ring,* 54 Wn.2d 250, 339 P.2d 461 (1959). A written order of remand or declination therefore need not have been

entered because Mr. Setala was 18 years of age at the time of trial.

■ Finally, by order dated July 10, 1974, the court granted the defendant

a complete Statement of Facts, including the final arguments and the Motion in Arrest of Judgment or in the Alternative for New Trial, and a record of proceedings . . . sufficient for perfecting the defendant's appeal from that certain Judgment and Sentence dated and entered the 4th day of April, 1974, . . .

Other than only a limited transcript before us, we find nothing in the record to support the defendant's contention that he was denied a full record of the trial proceedings. We must, therefore, assume that the defendant chose not to enforce the court's order which authorized the additional material for the record.

Judgment affirmed.

ARMSTRONG, C.J., and PEARSON, J., concur.