[No. 5810–7–III.  Division Three.  October 23, 1984.]

THE STATE OF WASHINGTON, *Appellant,* v. RONALD
BUSHNELL, *Respondent.*

*Douglas S. Boole, Prosecuting Attorney,* and *Michael C. Dempsey, Deputy,* for appellant.

*John G. Burchard, Jr.,* and *Christopher E. Culp,* for respondent (appointed counsel for appeal).

McINTURFF, J.—The State of Washington appeals a judgment of the Superior Court remanding this cause to juvenile court. The primary issue is whether RCW 13.40-.300(4) allows juvenile court jurisdiction over a majority age defendant for a premajority age offense. We reverse.

On September 11, 1981, a laundromat proprietor filed a complaint for unauthorized entry into his business. Both parties stipulated that in November 1982 an investigation revealed Ronald Bushnell and another had burglarized the laundromat, taking keys and money. On December 7, 1982, the State charged Mr. Bushnell in Okanogan County Superior Court (adult) with second degree burglary.

Mr. Bushnell was born November 11, 1963; at the time of the September 1981 burglary, he was 17 years old. At the end of the investigation, when finally charged, he was 19 years old. Moreover, throughout this period he was under the Chelan County Juvenile Court's jurisdiction for a January 17, 1980 felony–theft conviction. The court placed him under community supervision, extended until age 21, or when he made full restitution.

The 1983 Legislature enacted amendments to the Juvenile Justice Act of 1977, Laws of 1983, ch. 191, § 17, p. 1038. Section 17, codified as RCW 13.40.300, provides for juvenile jurisdiction beyond one's 18th birthday if various conditions are met. This section also reads:

(4) Notwithstanding any extension of jurisdiction over a person pursuant to this section, the juvenile court has no jurisdiction over any offenses *alleged to have been committed by a person eighteen years of age or older.*

(Italics ours.) The italicized language is ambiguous because it may be construed to allow extended jurisdiction if one committed the crime before, yet was charged after, his 18th birthday. Under these circumstances, the applicable rule is

that in the absence of an indication from the Legislature of an intention to overrule the common law, new legislation will be presumed consistent with prior judicial decisions. *State v. Calderon,* 102 Wn.2d 348, 351, 684 P.2d 1293 (1984); *State v. McCullum,* 98 Wn.2d 484, 493, 656 P.2d 1064 (1983); *Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 887–88, 652 P.2d 948 (1982).

Our Supreme Court strictly construes juvenile court jurisdiction. This jurisdiction ends when a youth becomes 18, unless, prior to that birthday, jurisdiction has been extended pursuant to law. *State v. Calderon, supra* at 351–52; *In re Carson,* 84 Wn.2d 969, 972, 530 P.2d 331 (1975). In deciding whether juvenile or adult court has jurisdiction over one charged with a crime, the date of trial, not the date of arrest or plea, is conclusive. *Calderon,* at 351; *Sweet v. Porter,* 75 Wn.2d 869, 870, 454 P.2d 219 (1969); *State v. Ring,* 54 Wn.2d 250, 253–58, 339 P.2d 461 (1959). Even if a juvenile cause were pending and not yet heard on the merits prior to the juvenile's 18th birthday, the juvenile court loses jurisdiction. *State v. Brewster,* 75 Wn.2d 137, 142–43, 449 P.2d 685 (1969); *State v. Setala,* 13 Wn. App. 604, 606, 536 P.2d 176 (1975).

The Legislature has expressed no intent to change the case law pertaining to juvenile court jurisdiction. Hence, because Mr. Bushnell reached age 19 before charges were filed, the juvenile court does not have jurisdiction.

We next consider whether juvenile court jurisdiction over a prior unrelated felony conviction of Mr. Bushnell affects the jurisdiction of the instant cause. It does not. Adult criminal jurisdiction may be exercised over one already subject to extension of juvenile court jurisdiction on other offenses. *In re Smiley,* 96 Wn.2d 950, 954–55, 640 P.2d 7 (1982); *State v. Binford,* 90 Wn.2d 370, 374, 582 P.2d 863 (1978). Here, since jurisdiction over this case was not extended while the juvenile was under 18, the fact the juvenile court extended jurisdiction over an unrelated felony does not affect the instant case.

We last consider whether the Superior Court erred in

remanding to juvenile court pursuant to CrR 8.3(b). This rule allows the court to dismiss a criminal prosecution in the furtherance of justice after notice and hearing. The court articulated limitations to this discretion:

> The discretion conferred upon the superior court under [CrR 8.3(b)] must be exercised in conformity with the requirement that the record show governmental misconduct or arbitrary action of the type which this court has historically found sufficient to support a dismissal of a criminal charge. The purpose of the rule is to see that one charged with crime is fairly treated.

(Citations omitted.) *State v. Whitney,* 96 Wn.2d 578, 579–80, 637 P.2d 956 (1981).

Mr. Bushnell never alleged arbitrary action or governmental misconduct and stipulated the investigatory delay was justified. Moreover, even if such misconduct and/or arbitrary action were shown, the juvenile court lacked jurisdiction to receive this case.

The judgment of the Superior Court is reversed.

THOMPSON, J., and MITCHELL, J. Pro Tem., concur.