[No. 22482–4–I. Division One. December 27, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. TRACY C. ROSENBAUM, *Appellant.*

*Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*David F. Thiele, Prosecuting Attorney,* and *Rex N. Munger, Deputy,* for respondent.

PEKELIS, J.—Tracy Rosenbaum appeals from the order of restitution entered following his conviction in juvenile court

on one count of first degree theft and one count of second degree vehicle prowling. He alleges that the trial court lost jurisdiction with the passage of his 18th birthday, and a subsequent nunc pro tunc order purporting to extend jurisdiction was invalid.

I

On November 14, 1986, Tracy Rosenbaum was charged in juvenile court with one count of first degree theft and three counts of second degree vehicle prowling. Rosenbaum was 18 on December 2, 1986. On December 22, 1986, counsel for Rosenbaum presented an Agreed Order Extending Jurisdiction (nunc pro tunc). The court entered this order, extending juvenile court jurisdiction for a period of 12 months beginning December 1, 1986.

On December 30, 1986, Rosenbaum pleaded guilty to one count of first degree theft and one count of second degree vehicle prowling. The court sentenced him to 17 to 20 weeks of confinement in a disposition hearing on January 16, 1987. The disposition order provided that restitution issues would be resolved at a subsequent hearing.

Sixteen months later, on May 27, 1988, the court issued an order of restitution in an amount of $2,300.93. It is from this order that Rosenbaum has filed a timely appeal. The notice of appeal was filed on June 24, 1988; the time to appeal from the nunc pro tunc order of December 22, 1986, had long since passed. *See* RAP 5.2(a). However, Rosenbaum's assignment of error and related issues rest entirely on the validity of that prior order. In general, the scope of review in this court is limited to those decisions designated in the notice of appeal. RAP 2.4(a).

However, RAP 2.4(b) provides that "[t]he appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." Since it was the extension of jurisdiction which enabled the trial court to enter the later order of restitution, the nunc pro tunc order

satisfies the technical requirements of the rule. In addition, the effect of the order was to give the court jurisdiction it otherwise had lost. For these reasons we accept review of the underlying order. *See Adkins v. Aluminum Co. of Am.,* 110 Wn.2d 128, 134–35, 750 P.2d 1257, 756 P.2d 142 (1988); *In re Marriage of Maxfield,* 47 Wn. App. 699, 702–03, 737 P.2d 671 (1987).

## II

Rosenbaum contends broadly that the juvenile court cannot regain jurisdiction once it has been lost. The State simply responds that the court had jurisdiction under the nunc pro tunc order. The State contends that this order was valid since it served the important public purpose of assuring Rosenbaum the advantages of being charged as a juvenile and because Rosenbaum himself proposed the nunc pro tunc order and agreed to have it entered.

Juvenile court jurisdiction is strictly construed in this state. *State v. Bushnell,* 38 Wn. App. 809, 811, 690 P.2d 601 (1984). Juvenile court jurisdiction ends when a youth becomes 18 unless extended prior to that date. RCW 13.40.300; *State v. Calderon,* 102 Wn.2d 348, 353, 684 P.2d 1293 (1984). RCW 13.40.300(1)(a) provides in pertinent part:

> (1) . . . A juvenile may be under the jurisdiction of the juvenile court or the authority of the department of social and health services beyond the juvenile's eighteenth birthday only if prior to the juvenile's eighteenth birthday:
> (a) Proceedings are pending seeking the adjudication of a juvenile offense and the court by written order setting forth its reasons extends jurisdiction of juvenile court over the juvenile beyond his or her eighteenth birthday;

A trial court has discretionary power to enter a nunc pro tunc judgment where justice so requires. Such discretionary action may not be disturbed on appeal except upon a clear showing that the ruling was manifestly unreasonable. *In re Estate of Carter,* 14 Wn. App. 271, 276, 540 P.2d 474 (1975).

The purpose of a nunc pro tunc order is to record some prior act of the court which was *actually performed*

but not entered into the record at that time. *State v. Mehlhorn*, 195 Wash. 690, 692, 82 P.2d 158 (1938). The authority of the court is limited to recording judicial action actually taken. *State v. Ryan*, 146 Wash. 114, 116–17, 261 P. 775 (1927). In recording a prior act of the court, a nunc pro tunc order "may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." *In re Marriage of Pratt*, 99 Wn.2d 905, 911, 665 P.2d 400 (1983) (quoting *Ryan*, 146 Wash. at 117). Thus, a nunc pro tunc order is not a proper means to remedy omissions. *See Mehlhorn*, 195 Wash. at 692–93.

Neither party indicates that there had been any attempt to extend jurisdiction prior to the passage of Rosenbaum's 18th birthday. Nothing in the record indicates that there was even any discussion regarding the extension of jurisdiction prior to Rosenbaum's 18th birthday. We must conclude, therefore, that there had been no prior act of the court extending jurisdiction which had merely gone unrecorded.

Nonetheless, the State cites *State v. Smissaert*, 103 Wn.2d 636, 640–41, 694 P.2d 654 (1985), for the proposition that a nunc pro tunc order may be used retroactively to change a prior order where there is an important public purpose for doing so. It contends that it is clearly a matter of public policy to accord the juvenile defendant the advantages of being charged as a juvenile. *See Calderon*, 102 Wn.2d at 352–53; *State v. Boseck*, 45 Wn. App. 62, 66, 723 P.2d 1182 (1986).

The State has misconstrued *Smissaert*. The court did not hold that public policy justified entry of an otherwise improper nunc pro tunc order. In fact, the court reiterated the rule that a retroactive entry is not proper to rectify the record as to acts which did not, but should have, occurred. *Smissaert*, 103 Wn.2d at 641. Thus, the public policy preference for juvenile court jurisdiction is not sufficient in itself to validate an otherwise improper nunc pro tunc order.

■ The State additionally contends that, even if the order is invalid, Rosenbaum should not be permitted to attack a nunc pro tunc order which he proposed and to which he agreed, relying on *State v. Petrich,* 94 Wn.2d 291, 297, 616 P.2d 1219 (1980). Again, the State misconstrues the authority it cites. The *Petrich* court held the State to the terms of a *valid* nunc pro tunc order. *See Petrich,* 94 Wn.2d at 294–97. We are faced here with a nunc pro tunc order which is invalid on its face.

We conclude that the nunc pro tunc order purporting to extend jurisdiction was an improper attempt to remedy a prior omission and was therefore invalid. We are thus constrained to hold that the court was without jurisdiction to enter the subsequent order of restitution and the order is reversed.

SCHOLFIELD and WEBSTER, JJ., concur.