[No. 20686-2-II.   Division Two.   November 1, 1996.]
The State of Washington, *Petitioner*, v. Patrick
Henry Nicholson, Jr., *Respondent*.

*John W. Ladenburg, Prosecuting Attorney*, and *Barbara L. Corey-Boulet, Deputy*, for petitioner.

*David W. Murdach*, for respondent.

ARMSTRONG, J. — The State charged Patrick Nicholson, age 17, with several crimes and moved for the juvenile court to decline jurisdiction. Before the hearing on the motion, Nicholson turned 18 and the State presented an ex parte order to dismiss the charges. The court granted the order, but later, after finding that the State had acted in bad faith, entered a nunc pro tunc order extending juvenile jurisdiction. Because juvenile jurisdiction automatically expires on a juvenile's 18th birthday, absent a previously written order extending jurisdiction, we reverse the trial court and vacate the nunc pro tunc order.

## FACTS

In April 1996, the State charged Patrick Nicholson, age 17, with six counts of burglary and two counts of theft. At the arraignment on April 29, the State moved to decline juvenile jurisdiction and have Nicholson tried as an adult. Nicholson's attorney stated that Nicholson would be turning 18 on May 5, 1996, and then remarked, "That's obviously not an end to the Court's jurisdiction." At the request of the juvenile's attorney, the court set the decline hearing for May 9, 1996.

The Nicholson file was then transferred to another prosecutor, who discovered on May 6 that Nicholson had turned 18 the day before. The same day, the prosecutor brought an ex parte motion to dismiss the charges, which was granted by a second juvenile court judge. Two days later at Nicholson's request, however, the second judge issued an order extending the juvenile court's jurisdiction nunc pro tunc. The State meanwhile had refiled the charges against Nicholson in superior court.

The juvenile court later entered findings of fact and conclusions of law in support of the nunc pro tunc order. The court found that the prosecutor had acted in bad faith and had failed to inform the court that the defendant would soon be turning 18 so that the court could extend jurisdiction and that there was a strong inference that the State attempted to avoid the decline hearing by presenting the motion to dismiss. The juvenile court concluded that the State had violated Rules of Professional Conduct (RPC) 3.3 and 3.8; that the State had violated Civil Rule (CR) 5 by presenting the ex parte motion without notice to the defendant; and that, because the State knew Nicholson's birthday, it was estopped from denying that jurisdiction was extended by the motion to decline jurisdiction. The State appealed, and this court granted discretionary review, staying the proceedings below.

## ANALYSIS

Juvenile court jurisdiction is strictly construed. *State v. Rosenbaum*, 56 Wn. App. 407, 410, 784 P.2d 166 (1989). Such jurisdiction ends when a juvenile turns 18, unless the juvenile court extends its jurisdiction before that day. *State v. Calderon*, 102 Wn.2d 348, 352, 684 P.2d 1293 (1984). "Even if a juvenile cause were pending and not yet heard on the merits prior to the juvenile's 18th birthday, the juvenile court loses jurisdiction." *State v. Bushnell*, 38 Wn. App. 809, 811, 690 P.2d 601 (1984). To extend jurisdiction, the court must comply with the requirements of RCW 13.40.300. Under this statute, a ju-

venile can be retained under the jurisdiction of the juvenile court beyond his or her 18th birthday *only* if before the juvenile's 18th birthday:

> (a) Proceedings are pending seeking the adjudication of a juvenile offense and the court *by written order* setting forth its reasons extends jurisdiction of juvenile court over the juvenile beyond his or her eighteenth birthday . . . .

RCW 13.40.300(1)(a) (emphasis added). Once juvenile court jurisdiction has lapsed, the court can not enter a written order extending jurisdiction, even with the consent of both parties. *See Rosenbaum*, 56 Wn. App. at 411-12. Two conditions are necessary, therefore, to extend juvenile jurisdiction: (1) proceedings pending seeking the adjudication of a juvenile offense; and (2) the entry of a written order. RCW 13.40.300(1)(a).

Here, the first condition is satisfied; proceedings were pending seeking the adjudication of a juvenile offense. Although a decline hearing itself is not an adversary proceeding or prosecutorial in nature, *In re Harbert*, 85 Wn.2d 719, 725, 538 P.2d 1212 (1975), the filing of an indictment or information charging the defendant commences a criminal action. *State v. Corrado*, 78 Wn. App. 612, 615, 898 P.2d 860 (1995); JuCR 7.1 (juvenile court jurisdiction is invoked over a juvenile offense proceeding by filing an information). The State had charged Nicholson, age 17, with six counts of burglary and two counts of theft, and the criminal proceedings on these charges were still pending when he turned 18. A written order, however, had not been entered when Nicholson turned 18, the second condition under the statute. Because the court did not enter a written order extending jurisdiction before Nicholson turned 18, we hold that juvenile court jurisdiction lapsed in this case.

■ Nicholson, however, argues that the court properly entered a nunc pro tunc order extending jurisdiction. A nunc pro tunc order records "some prior act of the court which was *actually performed* but not entered into the

record at that time." *Rosenbaum*, 56 Wn. App. at 410-11 (emphasis present). Such an order "may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." *Rosenbaum*, 56 Wn. App. at 411 (quoting *In re Marriage of Pratt*, 99 Wn.2d 905, 911, 665 P.2d 400 (1983)). Here, because the juvenile court did not enter an order extending jurisdiction before Nicholson turned 18, a nunc pro tunc order was not appropriate. *See Rosenbaum*, 56 Wn. App. at 411-12 (once juvenile court jurisdiction lapses, the court cannot extend jurisdiction).

■ Nicholson then argues that scheduling the hearing to decline jurisdiction was a *de facto* extension of jurisdiction, citing *State v. Frazier*, 99 Wn.2d 180, 661 P.2d 126 (1983). In *Frazier*, the court held that a motion to decline juvenile court jurisdiction "stays further action on the merits of the case until a decline hearing is held." *Frazier*, 99 Wn.2d at 186. Accordingly, under *Frazier*, the juvenile court cannot accept a guilty plea from a juvenile while a decline hearing is pending. *Frazier*, 99 Wn.2d at 186-87. The case, however, does not stand for the proposition that a decline motion stays the effects of the juvenile's 18th birthday; such a motion only stays further action on the merits of the case, but does not automatically extend juvenile court jurisdiction.

■ Finally, Nicholson argues that, because the State knew Nicholson's birthday, it is estopped from denying that jurisdiction was extended by the motion to decline jurisdiction. Jurisdiction, however, cannot be created by estoppel. *Corrado*, 78 Wn. App. at 615. Because the juvenile court lost its jurisdiction when Nicholson turned 18, we reverse the trial court and vacate the nunc pro tunc order. Because of our disposition of the jurisdiction issue, we need not address the findings of fact and conclusions of law supporting the nunc pro tunc order.

Reversed.

80

SEINFELD, C.J., and BRIDGEWATER, J., concur.

Reconsideration denied December 6, 1996.

Review denied at 131 Wn.2d 1025 (1997).