24 P.3d 1088 (2001)
106 Wash.App. 487
STATE of Washington, Respondent,
v.
Lawrence James COX, Appellant.
No. 24452-7-II.
Court of Appeals of Washington, Division 2.
June 7, 2001.
*1089 Pattie Mhoon (Court Appointed), Tacoma, for Appellant.
Barbara L. Corey-Boulet, Pierce County Deputy Pros. Atty., Tacoma, for Respondent.

OPINION PUBLISHED IN PART
MORGAN, J.
Lawrence James Cox appeals convictions for second degree child molestation and attempted second degree child rape. The main issue is when competency proceedings begin and end for purposes of CrR 3.3(g)(1). We affirm.
On September 10, 1998, Cox was charged with eight counts of dealing in depictions of a minor engaged in sexually explicit conduct (Counts I-VIII) and two counts of child molestation in the third degree (Counts IX-X). He was arraigned that same day and detained in jail. His trial was set for November 4, 1998.
On October 27, 1998, Cox was again in court when the subject of a continuance came up. Over Cox's personal objection, both his attorney and the prosecutor told the court that more time was needed before trial. Cox's attorney stated, "I currently believe Mr. Cox is not competent to make judgments about the future in this case."[1] The trial court responded by offering a competency evaluation, by orally ordering such an evaluation, and by striking the November 4 trial date. On November 3, the court entered a written order directing that Cox be transported to Western State Hospital (WSH) and evaluated there for not more than 15 days.
On November 20, Cox was again in court. The competency evaluation had been returned, apparently with a conclusion that Cox was competent.[2] The trial court set a trial date of November 30. The court did not enter, nor was it asked to enter, "a written order finding the defendant to be competent[.]"[3]
On November 24, Cox was charged with Counts XI and XII. Count XI was for second degree child molestation of a new, recently discovered victim, and Count XII was for second degree attempted rape of that new victim. Cox did not object to the filing of the new counts, although he alleged that his speedy trial time had already run on the original counts.[4]
On November 30, Cox waived his right to speedy trial until December 7. On December 3, Cox waived his right to speedy trial until January 11, 1999. On January 11, 1999, Cox agreed to plead guilty on Count X, to waive a jury on Counts XI and XII, and to stipulate to the facts underlying Counts XI and XII. The State agreed to dismiss Counts I-IX. The next day, January 12, Cox pleaded guilty to Count X and was found guilty of Counts XI and XII. On February 25, Cox was sentenced within the standard range for Count X, and as a persistent offender on Counts XI and XII. He then filed this appeal.
The main issue on appeal concerns Cox's right to speedy trial under CrR 3.3. CrR 3.3(c)(1) provides that the trial of a criminal defendant detained pending trial must commence within 60 days after arraignment. CrR 3.3(g)(1) excludes from that sixty day period "[a]ll proceedings relating to the competency of a defendant to stand trial, terminating when the court enters a written order finding the defendant to be competent[.]"
*1090 The parties dispute when competency proceedings commence for purposes of CrR 3.3(g)(1). According to Cox, such proceedings commence when, but not before, the trial court enters a written order for a competency evaluation. According to the State, such proceedings commence when the record shows doubt concerning competency and a party or the court moves orally or in writing for a competency evaluation.[5]
We agree with the State. CrR 3.3(g)(1) excludes from the time for trial "[a]ll proceedings relating to the competency of a defendant to stand trial[.]"[6] According to its plain meaning, "all proceedings" encompasses oral and written motions by counsel or the court, and oral and written orders by the court. Accordingly, we hold that under CrR 3.3(g)(1) competency proceedings commence no later than when a party or the court makes an oral or written motion for a competency evaluation, and no later than when the court makes an oral or written order for a competency evaluation.[7]
In addition, the parties dispute when competency proceedings end for purposes of CrR 3.3(g)(1). According to Cox, such proceedings end when the designated experts return their report, or 15 days after the evaluation is ordered, whichever comes first. According to the State, such proceedings do not end until the trial court enters a written order finding that the defendant is competent.
Again, we agree with the State. CrR 3.3(g)(1) is derived from CrR 3.3(d)(1). In 1974, CrR 3.3(d)(1) excluded from the time for trial "[a]ll proceedings relating to the competency of the defendant to stand trial."[8] Even at that time, it contemplated that competency "proceedings" would not end when the designated experts return their report, or within 15 days after an evaluation is ordered; as this court previously said:
CrR 3.3(d)(1) excludes all proceedings relating to competency. The rule is broad in scope because competency proceedings can involve a protracted period of time. It may be necessary for the court to review the report prior to making its determination as to whether or not the defendant is competent to stand trial. We believe that CrR 3.3(d)(1) is sufficiently broad to encompass this period of court review as well as the period of examination. In many instances, therefore, CrR 3.3(b) or (c) [the sixty day period for trial] is reactivated the day the court makes its determination of competency.[[9]]
In 1980, former CrR 3.3(d)(1) was repromulgated as CrR 3.3(g)(1) and amended to provide that competency proceedings end only "when the court enters a written order finding the defendant to be competent."[10] The apparent purpose was to establish a firm and easily ascertainable date on which competency *1091 proceedings would end, and from which the time for trial would once again run. Implementing the amendment's plain language and apparent purpose, we hold that competency proceedings end "when the court enters a written order finding the defendant to be competent[.]"[11]
During oral argument, Cox asserted that counsel in Pierce County routinely fail to present written orders finding defendants to be competent; thus, he reasoned, reading CrR 3.3(g)(1) according to its plain terms will have the practical effect of abrogating CrR 3.3(a), which places on the trial court the responsibility to provide a speedy trial. Assuming without holding that Cox's assertion is correct, the solution is for counsel to present such orders, not for us to skew the plain language of the rule.
Turning to this case, we hold that Cox's time for trial commenced on September 10, the date he was arraigned. Time stopped on October 27, when 47 days had elapsed, because by then the record revealed doubt concerning competency, an oral motion for a competency evaluation, and an oral order for a competency evaluation. Time did not start again before November 30, because neither party presented and the court did not enter a written order finding Cox to be competent. Time did not start again between November 30 and January 11 because Cox waived it. Cox's trial commenced on January 12, so it was well within the sixty-day period mandated by CrR 3.3.
Affirmed.
A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
SEINFELD, J., and ARMSTRONG, C.J., concur.
NOTES
[1] Report of Proceedings (RP) (Oct. 27, 1998) at 6.
[2] The competency evaluation is not in the record.
[3] CrR 3.3(g)(1).
[4] RP (Nov. 24, 1998) at 4.
[5] See RCW 10.77.060(1). It provides:

(a) Whenever a defendant has pleaded not guilty by reason of insanity, or there is reason to doubt his or her competency, the court on its own motion or on the motion of any party shall either appoint or request the secretary to designate at least two qualified experts or professional persons, one of whom shall be approved by the prosecuting attorney, to examine and report upon the mental condition of the defendant. At least one of the experts or professional persons appointed shall be a developmental disabilities professional if the court is advised by any party that the defendant may be developmentally disabled. For purposes of the examination, the court may order the defendant committed to a hospital or other suitably secure public or private mental health facility for a period of time necessary to complete the examination, but not to exceed fifteen days from the time of admission to the facility.
[6] Emphasis added.
[7] State v. Setala, 13 Wash.App. 604, 605-06, 536 P.2d 176 (1975) (exclusion for competency proceedings began on February 7, when defense counsel orally moved for and trial court orally ordered a competency evaluation, not on February 11, the date when the trial court entered its written order); see State v. Jones, 111 Wash.2d 239, 245, 759 P.2d 1183 (1988) (stating that "[w]hen the trial court determines that there is reason to doubt the defendant's competency pursuant to RCW 10.77.060(1), the proceedings are placed in limbo."); RCW 10.77.060(1) (implying that competency proceedings begin when there is reason to doubt competency and the court or a party moves for a competency evaluation).
[8] Former CrR 3.3(d)(1), 82 Wash.2d 1126.
[9] Setala, 13 Wash.App. at 606, 536 P.2d 176.
[10] CrR 3.3(g)(1), 93 Wash.2d at 1131 (1980).
[11] CrR 3.3(g)(1), 93 Wash.2d at 1131 (1980).