94 P.3d 379 (2004)
122 Wash.App. 498
STATE of Washington, Respondent,
v.
Francis Tye HARRIS, Appellant.
No. 21986-1-III.
Court of Appeals of Washington, Division 3, Panel Six.
July 13, 2004.
*380 Dennis W. Morgan, Attorney at Law, Ritzville, WA, for Appellant.
Paige L. Sully, Attorney at Law, Pasco, WA, for Respondent.
SWEENEY, A.C.J.
By court rule a criminal defendant in custody must be brought to trial within 60 days of arraignment. But the speedy trial time is tolled for competency or sanity evaluations. Former CrR 3.3(g)(1) (2001). Here, the court ordered a competency evaluation on Francis Harris's motion. And as part of that procedure, the defense signed an order tolling the speedy trial rule. Mr. Harris unequivocally waived his right to a speedy trial on several other occasions during the course of these proceedings. Any delay between his arraignment and trial was, therefore, tolled. We affirm the trial court's refusal to dismiss on speedy trial grounds.

FACTS
Francis Tye Harris was arraigned June 5, 2001, on three counts of first degree robbery. He pleaded not guilty and orally entered either an insanity or a diminished capacity defense; the record is not clear. The court set a trial date of July 25, 2001, and ordered Mr. Harris detained in jail.
On June 12, the court entered a stipulated order for a competency and sanity evaluation to be performed at Eastern State Hospital on *381 Mr. Harris's oral motion. The court simultaneously entered an order, signed by both sides, staying the trial proceedings pursuant to former CrR 3.3(g)(1)'s[1] automatic tolling of the trial period for competency proceedings.
On July 3, the defense asked for and received a one-week continuance of the original trial date because Mr. Harris had yet to be evaluated. No one referenced the stay order. On July 10, the State proposed that an evaluation be performed locally. On July 17, with the patient backlog at Eastern expected to continue for several more weeks, the State again requested a local evaluation.
At this same July 17 hearing, the defense first began to assert that Mr. Harris had not waived his speedy trial rights. The court continued the trial for another week and asked defense counsel to arrange for a local evaluation. The prosecutor reminded the court that the defense had initiated the competency proceedings and had stipulated to an indeterminate stay. The court continued the trial for a week.
By July 24, defense counsel had found a local psychologist willing to do an evaluation, but the evaluation had still not been done. Defense counsel announced that Mr. Harris was again willing to waive speedy trial. And again, the prosecutor pointed out that the speedy trial period was tolled by court rule. From the bench, the court expressed concern that six weeks was an unreasonable delay that called into question the effectiveness of any stay. The court set a new trial date of August 1, 2001. The last timely trial date under the original 60-day period would have been August 4.
On July 31, 2001, the court ordered Dr. Mark Mays to evaluate Mr. Harris's competency to stand trial. Defense counsel now acknowledged that a stay order was in effect, but advised the court that Mr. Harris nevertheless insisted that he had not waived his right to a speedy trial. The court explained:
He's not really waiving his right to speedy trial. The time is excluded according to the Rule, and so this doesn't impair his right to a speedy trial. It changes the date obviously, but it's still within the parameters of the Rule.
Report of Proceedings (July 31, 2001) (RP) at 2-3. The court then continued the proceedings for one more week for the Mays evaluation. Mr. Harris asked: "So my speedy trial date's being violated?" RP at 4. The court again explained: "Well, we've gone beyond the 25th, but we haven't violated your speedy trial rights. It's all affected by this competency issue." RP at 4.
That same evening, Mr. Harris refused to see Dr. Mays when he came to the jail to do the evaluation. Mr. Harris insisted he had an absolute right to be tried within 60 days of arraignment. His lawyer came to the jail and tried to explain that the rules imposed an automatic stay for competency proceedings. Mr. Harris did not comprehend and was verbally abusive to the lawyer. On August 7, counsel asked the court for permission to withdraw. Counsel did withdraw.
Also on August 7, Mr. Harris again insisted he had never waived the right to a trial within 60 days of June 5. The court ruled that the speedy trial period was tolled when the defendant's competency became an issue and that it remained tolled. The court explained again that inherent in the insanity defense is an implied stipulation to a stay long enough for an evaluation, and that Mr. Harris's refusal to cooperate with Dr. Mays had exacerbated the situation.
The court appointed new defense counsel and gave him a week to come up to speed. On August 21, 2001, no trial date had been set. The court granted another defense continuance over the State's continuing objection.
On August 28, 2001, Mr. Harris stipulated through counsel that he was competent to stand trial after all and asked the court to set a trial date. The court talked to Mr. Harris *382 in open court to test his competence, then ruled that he was competent to stand trial. Everyone agreed on a September 26 trial date.
On September 11, 2001, Mr. Harris notified the court that he wished to seek discretionary interlocutory appellate review of the ruling that the speedy trial period was tolled by the competency proceedings. He requested a stay for that purpose. Mr. Harris also informed the court that his defense would be general denial and diminished capacity, not insanity. The State immediately asked the court to order a diminished capacity evaluation. The defense acknowledged on the record that a diminished capacity defense constituted a speedy trial waiver.
On September 18, Mr. Harris asked for a hearing on an oral motion to dismiss the prosecution for the alleged speedy trial violation arising from the competency proceedings. The court set a hearing for October 9, 2001, on this motion to dismiss. At that hearing, a doctor from Eastern explained the reason for the delayed evaluation. Mr. Harris presented no witnesses or argument. The hearing was continued two weeks so defense counsel could prepare argument. It was never resumed. On November 14, the court filed a memorandum decision denying the motion. The court ruled as a matter of law that the length of a former CrR 3.3(g) stay for proceedings under the insanity defense provisions of RCW 10.77.060(1)(a) is of unlimited duration, and that Mr. Harris's right to a speedy trial had not been violated. On January 8, 2002, the court filed findings of fact and conclusions of law.
On January 15, 2002, the court entered an order finding good cause to pursue an interlocutory appeal. This court denied discretionary review because the court's refusal to dismiss was neither erroneous nor an appealable final order.
On March 25, 2003, the court convicted Mr. Harris on stipulated facts of one count of first degree robbery. The order appealed from here is the denial of his motion to dismiss for failure to bring him to trial within 60 days of June 5, 2001.

DISCUSSION
Mr. Harris concedes that the language of neither the criminal insanity statute nor the speedy trial rule limits the time allowed for competency proceedings. He agrees that former CrR 3.3(g)(1) tolls the trial period for "[a]ll proceedings relating to the competency of a defendant to stand trial." But he notes that, under RCW 10.77.060(1)(a), a defendant asserting an insanity defense may be committed to a hospital for 15 days for evaluation. He contends this shows that the statute contemplates prompt evaluation. Because the court did not follow the proper procedures, Mr. Harris contends, the evaluation order was insufficient to trigger tolling under former CrR 3.3(g)(1).[2]
We review the trial court's speedy trial rulings de novo. State v. Carlyle, 84 Wash.App. 33, 35-36, 925 P.2d 635 (1996). Unless time is excluded by rule, the trial of a defendant who is detained in jail must begin no more than 60 days after arraignment or the prosecution must be dismissed with prejudice. Former CrR 3.3(c)(1) (2001).
Our discussion of the procedure here is complicated by the blurring throughout the record of the distinction between "incompetence," "insanity," and "diminished capacity."
Mental incompetence at the time of trial is a bar to trial. RCW 10.77.050. Insanity at the time of the alleged offense is an affirmative defense. RCW 10.77.030(2). If a defendant pleads not guilty by reason of insanity, or if the court has reason to doubt the defendant's competency to stand trial, the court must order an expert evaluation of the defendant's mental condition. RCW 10.77.060(1)(a). The court may do this on its own motion. Id. The "reason to doubt" language "vests a large measure of discretion in the trial judge." City of Seattle v. Gordon, 39 Wash.App. 437, 441, 693 P.2d 741 (1985). It is not per se error for the court to proceed *383 on counsel's oral representations. State v. Swain, 93 Wash.App. 1, 10, 968 P.2d 412 (1998). And while not determinative, defense counsel's opinion as to the defendant's competence is a factor that carries considerable weight with the court. Id.
The court is not required to hold a hearing on the record before ordering a competency evaluation. And the cases cited by Mr. Harris affirm the trial court's broad discretion in these matters. All uphold a trial court's denial of competency proceedings without a hearing. See, e.g., State v. Lord, 117 Wash.2d 829, 901, 822 P.2d 177 (1991), and cases cited therein. No authority supports the proposition that a court needs a hearing before ordering a competency proceeding. Oral motions and rulings are sufficient. State v. Cox, 106 Wash.App. 487, 491, 24 P.3d 1088 (2001).
Once Mr. Harris's competency proceedings were set in motion, the court rules tolled the trial period until the court was satisfied that he was competent. Former CrR 3.3(g)(1); Cox, 106 Wash.App. at 491, 24 P.3d 1088. An order for evaluation under RCW 10.77.060(1)(a) automatically stays the criminal proceedings until the court determines that the defendant is competent to stand trial. Former CrR 3.3(g)(1). Tolling is necessary because neither side can go forward with trial preparation until the defendant is found competent to proceed. State v. Jones, 111 Wash.2d 239, 245, 759 P.2d 1183 (1988). The courts give this particular tolling provision broad scope precisely because the evaluation process is unpredictable and beyond the court's control. State v. Setala, 13 Wash.App. 604, 606, 536 P.2d 176 (1975).
The diminished capacity procedures are different. Diminished capacity is a mental disorder not amounting to insanity that impairs the defendant's ability to form the culpable mental state to commit the crime. State v. Atsbeha, 142 Wash.2d 904, 914, 16 P.3d 626 (2001). Like insanity, this defense must also be declared pretrial. CrR 4.7(b)(1); CrR 4.7(b)(2)(xiv). But with diminished capacity, the defense, not the court, must obtain a corroborating expert opinion and disclose that evidence to the prosecution pretrial. CrR 4.7(b)(1); CrR 4.7(g). Depending on the strength of the defense's showing, the State may or may not request its own evaluation. CrR 4.7(b)(2)(viii); In re Pers. Restraint of Hutchinson, 147 Wash.2d 197, 204, 53 P.3d 17 (2002).
It is not clear on this record whether Mr. Harris meant to claim incompetence, insanity, or diminished capacity. The court may have misinterpreted a request to appoint a diminished capacity expert, or counsel may have intentionally or inadvertently requested competency proceedings. In any case, the court ordered a competency evaluation on the oral motion of the defense. The court acted within its discretion in ordering an evaluation once it perceived a reason to question Mr. Harris's competence. RCW 10.77.060(1)(a). Moreover, whatever the oral confusion, the defense stipulated in writing to a stay of the proceedings for the purpose of a mental evaluation. Clerk's Papers at 3. The tolling of the trial period inevitably followed.
Mr. Harris contends that trials should not be delayed because of hospital congestion and backlogs. The cases he relies on, however, address factors under the court's control, such as docket congestion and inefficient prosecution. See, e.g., State v. Mack, 89 Wash.2d 788, 794, 576 P.2d 44 (1978). This difference may explain why CrR 3.3 does not toll for docket congestion but does include an unqualified tolling provision for competency proceedings.
Finally, we agree with the State that Mr. Harris's refusal to present himself for evaluation by Dr. Mays on July 31  well within the original trial period  precludes him from prevailing. The limitation on time for trial is tolled if the defendant fails to appear at "any trial or pretrial proceeding" at which his presence is required. Former CrR 3.3(d)(2) (2001). A new trial period starts with his next appearance. Id. The July 31 examination by Dr. Mays was a proceeding at which Mr. Harris's presence was ordered by the court and at which he failed to appear.
*384 We affirm the decision of the trial court denying Mr. Harris's motion to dismiss for violation of his right to a speedy trial.
WE CONCUR: SCHULTHEIS and KURTZ, JJ.
NOTES
[1] The following periods shall be excluded in computing the time for arraignment and the time for trial:

(1) All proceedings relating to the competency of a defendant to stand trial, terminating when the court enters a written order finding the defendant to be competent.
Former CrR 3.3(g).
[2] Of the 659 days between Mr. Harris's arraignment and trial, only the period tolled by his demand for competency proceedings is before us.