IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 83304-9-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MAZZAR GERALD ROBINSON, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |
| | ) | |
| In the Matter of the Personal Restraint of: | ) | |
| | ) | |
| MAZZAR GERALD ROBINSON, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

HAZELRIGG, J. — In 2016, Mazzar Robinson was sentenced as a persistent offender to life in prison without the possibility of release based in part on a prior conviction for robbery in the second degree (Robbery 2). Robinson argues that the trial court erred by correcting the original judgment and sentence (J&S) on a nunc pro tunc basis when he was resentenced in 2019 after direct appeal. In response, the State points out that Robinson is entitled to resentencing in light of State v. Blake[1] and a recent amendment to the Sentencing Reform Act of 1981[2] (SRA).

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).
[2] Ch. 9.94A RCW.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

We agree, remand for resentencing and further direct the trial court to correct the record as necessary to reflect that those corrections were not nunc pro tunc in nature.

In a statement of additional grounds for review, Robinson contends that the attorney who represented him at his 2019 resentencing was ineffective for failing to request a stay of proceedings in light of then-pending legislation. We disagree. Further, in a consolidated personal restraint petition (PRP), Robinson raises additional challenges to his convictions. Because Robinson fails to establish an arguable basis for collateral relief in law or fact given the constraints of a PRP, we dismiss the petition.

## FACTS

In January 2014, the State charged Robinson with murder in the first degree (Count I), conspiracy to commit murder in the first degree (Count II), burglary in the first degree (Count III), attempted robbery in the first degree (Count IV), and unlawful possession of a firearm in the first degree (Count V) by amended information. A jury found him guilty as charged.

The trial court sentenced Robinson in September 2016. Robinson had two prior most serious, or "strike," offenses, including a Robbery 2 conviction, so the court determined that Robinson was a persistent offender based on his criminal history and Counts I through IV, each of which was also a most serious offense.[3] Consequently, the court imposed concurrent sentences of life without the

---

[3] Subject to some conditions, a persistent offender is an person who is convicted of a most serious offense and who previously was convicted as of most serious offenses on at least two separate occasions. RCW 9.94A.030(37)(a).

possibility of release on each of those counts,[4] and 116 months in prison on Count V (unlawful possession of a firearm).

Robinson appealed. He argued among other things that the attempted robbery conviction (Count IV) violated double jeopardy. See State v. Rowland, No. 49444-2-II, slip op. at 24 (Wash. Ct. App. Sept. 25, 2018) (unpublished) https://www.courts.wa.gov/opinions/pdf/D2%2049444-2-II%20Unpublished%20Opinion.pdf.[5] We agreed and remanded to the trial court to vacate that conviction. Id. slip op. at 28.

The trial court resentenced Robinson in April 2019. It entered an order vacating Count IV, as well as a new J&S omitting that count (2019 J&S). It expressly made both the order and the 2019 J&S nunc pro tunc to September 15, 2016, the date of Robinson's original sentencing. Robinson appealed. While the appeal was pending, Robinson filed a timely PRP which raised a number of other challenges. Division Two of this court consolidated the petition with Robinson's appeal before determining whether the petition raised non-frivolous issues.[6]

---

[4] "Notwithstanding the statutory maximum sentence. . . , a persistent offender shall be sentenced to a term of total confinement for life without the possibility of release." RCW 9.94A.570.

[5] We cite this unpublished opinion under GR 14.1(c), which provides that we may cite or discuss unpublished opinions in our opinions if "necessary for a reasoned decision." It is offered here to provide the procedural and factual background for Robinson's current appeal and PRP.

[6] Both Robinson's appeal and his PRP were originally filed in Division Two. After the parties were informed that the appeal would be transferred to this division, the State filed a motion to either opt out of the transfer or have the appeal and the petition consolidated. Division Two denied the motion to opt out of the transfer but consolidated the two matters before transferring them to this division.

ANALYSIS

I.      Nunc Pro Tunc Correction

Robinson contends that the trial court erred by making its 2019 corrections to his J&S nunc pro tunc to his original sentencing date.  The State responds by pointing out and conceding that Robinson is entitled to resentencing in light of recent legislation.  Specifically, the SRA was amended in 2021 to provide, "In any criminal case wherein an offender has been sentenced as a persistent offender, the offender must have a resentencing hearing if a current or past conviction for [Robbery 2] was used as a basis for the finding that the offender was a persistent offender."  LAWS OF 2021, ch. 141 § 1(1), codified as RCW 9.94A.647(1).  The State also concedes that Robinson is entitled to resentencing in light of Blake, in which our Supreme Court held that the statute criminalizing simple possession of a controlled substance was unconstitutional.  197 Wn.2d at 195.

The SRA amendment and Blake apply to Robinson, whose persistent offender status was based in part on a Robbery 2 conviction and whose offender score included points for simple possession convictions.  Accordingly, we accept the State's concessions and remand to the trial court to resentence Robinson consistent with RCW 9.94A.647 and Blake.

The State asserts that a remand for resentencing moots Robinson's challenge to the nunc pro tunc nature of the trial court's 2019 corrections, and Robinson, who has not filed a reply brief, does not argue otherwise.  Nevertheless, we reach this issue to ensure that the trial court does not commit the same error on remand and so that it can correct the record below.  See State v. Deer, 175

4

Wn.2d 725, 731 n.2, 287 P.3d 539 (2012) (reaching moot issue because "it may arise on remand"); cf. Hous. Auth. of City of Paco and Franklin County v. Pleasant, 126 Wn. App. 382, 389, 109 P.3d 422 (2005) ("An issue is not moot if a court can still provide effective relief.").

"A nunc pro tunc order records 'some prior act of the court which was actually performed but not entered into the record at that time.'" State v. Nicholson, 84 Wn. App. 75, 78–79, 925 P.2d 637 (1996) (emphasis in original) (quoting State v. Rosenbaum, 56 Wn. App. 407, 410–11, 784 P.2d 166 (1989)). "[A] nunc pro tunc order is generally appropriate to correct only ministerial or clerical errors, not judicial errors," and "[a] trial court misuses its nunc pro tunc power and abuses its discretion when it uses such an order to change its mind or rectify a mistake of law." State v. Hendrickson, 165 Wn.2d 474, 479, 198 P.3d 1029 (2009).

Here, the trial court's 2019 corrections to Robinson's J&S corrected a mistake of law, i.e., the imposition of multiple punishments for the same offense in violation of the prohibition on double jeopardy. See Rowland, No.49444-2-II, slip op. at 24. Therefore, the trial court erred by making those corrections on a nunc pro tunc basis. The State concedes as much, observing that the trial court's use of nunc pro tunc language "appears inappropriate." And unless corrective action is taken, the record below will suggest, inaccurately, that no punishment was ever imposed for the later-vacated attempted robbery count. Accordingly, we direct the trial court on remand to correct the record as necessary to reflect that its 2019 corrections to Robinson's original J&S were not nunc pro tunc in nature.

II.    Ineffective Assistance of Counsel

In a statement of additional grounds for review, Robinson contends that the attorney who represented him at his 2019 resentencing was ineffective for failing to request a stay of proceedings in light of legislation that was pending at the time. We disagree.

A defendant is entitled to effective counsel throughout their criminal proceeding, including during the sentencing phase. State v. Tinkham, 74 Wn. App. 102, 109, 871 P.2d 1127 (1994); Gardner v. Florida, 430 U.S. 349, 358, 97 S. Ct. 1197, 51 L. Ed. 2d 393 (1977). We review a claim of ineffective assistance of counsel de novo. State v. S.M., 100 Wn. App. 401, 409, 996 P.2d 1111 (2000). To succeed on an ineffective assistance claim, a defendant must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant. Id. The defendant must make both showings to succeed. Id. at 409–10.

When Robinson was resentenced in April 2019, Senate Bill (SB) 5288 was pending in the Legislature. See Bill History: SB 5288 - 2019-20, WASH. ST. LEG., https://app.leg.wa.gov/billsummary?BillNumber=5288&Year=2019. That bill, which was later signed into law and became effective in July 2019, removed Robbery 2 from the list of strike offenses. LAWS OF 2019, ch. 187 § 1. However, unlike the later SRA amendment discussed above, SB 5288 did not apply to Robinson. See State v. Jenks, 197 Wn.2d 708, 711, 487 P.3d 482 (2021) (holding that SB 5288 was not retroactive and did not apply to defendant who committed his third strike offense in 2014 even though his direct appeal was pending when

SB 5288 became effective). Consequently, Robinson cannot show that he was prejudiced by counsel's failure to request a stay of the resentencing hearing pending passage of SB 5288. See S.M., 100 Wn. App. at 410 ("Under the prejudice prong, the defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (internal quotation marks omitted) (quoting State v. Lord, 117 Wn.2d 829, 883-84, 822 P.2d 177 (1991))). Robinson's ineffective assistance claim fails.

III.   Personal Restraint Petition

Robinson has filed a timely PRP raising three additional grounds for relief which was consolidated with his appeal before transfer to this court.[7] We now conclude that the issues raised in Robinson's petition are frivolous, and thus, his petition must be dismissed.

A.   Sidebars

Robinson argues that a new trial is required because the trial court held multiple sidebar conferences without conducting a Bone-Club[8] analysis. But Robinson's challenge to the sidebars was raised and rejected on its merits in Robinson's first appeal. See Rowland, No.49444-2-II, slip op. at 15–16. As Division Two of this court explained in that appeal, a Bone-Club analysis is required only when a sidebar (1) implicates the public trial right and (2) amounts

---

[7] Robinson subsequently filed another PRP arguing that his conviction for Count II (conspiracy to commit first degree murder) must be vacated. See In re Pers. Restraint of Robinson, No. 55761-4-II, (Wash. Ct. App. Nov. 2, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2055761-4-II%20Unpublished%20Opinion.pdf. That petition is not before us; it was resolved in Robinson's favor by Division Two of this court. See id.

[8] State v. Bone-Club, 128 Wn.2d 254, 906 P.2d 325 (1995).

to a courtroom closure. See id. (citing State v. Smith, 181 Wn.2d 508, 516 n.10, 520, 334 P.3d 1049 (2014)). We determined there that "three off-record and unmemorialized sidebars did not amount to courtroom closures" and that other challenged sidebars, which were memorialized the day after they occurred, did not implicate the public trial right. Id. slip op. at 17. Thus, no Bone-Club analysis was required. See Smith, 181 Wn.2d at 520.

Robinson does not dispute that he is challenging the same sidebars we addressed in his direct appeal, yet he does not show that the interests of justice warrant revisiting our earlier determinations. Accordingly, he cannot renew his challenge to the sidebars in his PRP. See In re Pers. Restraint of Gentry, 137 Wn.2d 378, 388, 972 P.2d 1250 (1999) ("In PRPs, we ordinarily will not review issues previously raised and resolved on direct review. In order to renew an issue rejected on its merits on appeal, the petitioner must show the ends of justice would be served by reexamining the issue. This burden can be met by showing an intervening change in the law or some other justification for having failed to raise a crucial point or argument in the prior application." (internal citations and quotation marks omitted)).

Robinson disagrees and argues that "[t]he public trial claim is being raised with additional content and in different content than what was raised on direct appeal." However, "a 'petitioner may not create a different ground [for relief] merely by alleging different facts, asserting different legal theories, or couching his argument in different language.'" In re Pers. Restraint of Lord, 123 Wn.2d 296, 329, 868 P.2d 835 (1994) (alteration in original) (quoting Campbell v. Blodgett, 982

F.2d 1321, 1326 (9th Cir. 1992)). And although Robinson now asserts that the sidebars also implicated his right to be present at all critical stages of trial, he does not establish an arguable basis for relief.

### B.    False Testimony

Robinson next claims that the prosecutor committed misconduct and violated due process by using false testimony from a witness, Robert Smith, to convict Robinson.[9] To prevail on this claim, Robinson must show that (1) Smith's testimony was actually false, (2) the prosecutor knew or should have known that the testimony was actually false, and (3) the false testimony was material. United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003).

Robinson claims that Smith "testified fals[el]y, inconsist[e]nt to previous testimony at [the] prior trial,[10] deposition and proffered interview." In support, Robinson relies on an excerpt from the trial transcript in which Smith, on cross-examination, stated that a week before he testified, a detective and the prosecutor visited him and informed him that his story "didn't really match up" with phone records. But Robinson does not specify what parts of Smith's story he claims were false, much less allege facts to show actual falsity or materiality. Robinson's conclusory assertion that the "false testimony was material as it was critical to the

---

[9] The State asserts that we rejected this argument on its merits in Robinson's first appeal. The State is incorrect. We acknowledged that in a statement of additional grounds for review, Robinson argued that Smith "offered false, tainted testimony" and Robinson was forced to testify to refute that testimony. Rowland, No.49444-2-II, slip op. at 49. However, we concluded that this argument was "too vague to inform us of the claimed error," and thus, we did not address it on its merits. Id.

[10] A prior trial ended in a mistrial because the jury could not unanimously agree on verdicts. See Rowland, No.49444-2-II, slip op. at 5.

State's theory to place [Robinson] with [Smith] at the scene of the crime" is insufficient to warrant collateral relief. See In re Pers. Restraint of Rice, 118 Wn.2d 876, 885–86, 828 P.2d 1086 (1992) ("[T]he petitioner must state in his petition the facts underlying the claim of unlawful restraint and the evidence available to support the factual allegations. . . . Bald assertions and conclusory allegations will not support the holding of a hearing. Rather, with regard to the required factual statement, the petitioner must state with particularity facts which, if proven, would entitle him to relief." (citation omitted) (emphasis added)).

C.      Senate Bill 5288

Finally, Robinson argues in his petition that he is entitled to resentencing because Robbery 2 no longer counts as a strike offense under SB 5288. But as discussed, SB 5288 did not apply to Robinson and, in any event, Robinson is entitled to resentencing under a later amendment to the SRA.

Robinson fails to establish an arguable basis for collateral relief given the constraints of a PRP. Accordingly, his petition is frivolous and must be dismissed. See RAP 16.11(b) (petition will be dismissed upon a determination that the issues presented therein are frivolous); In re Pers. Restraint of Khan, 184 Wn.2d 679, 686–87, 363 P.3d 577 (2015) ("[A] personal restraint petition is frivolous where it fails to present an arguable basis for collateral relief either in law or in fact, given the constraints of the personal restraint petition vehicle.").

We remand to the trial court to resentence Robinson consistent with RCW 9.94A.647 and Blake and to correct the record as necessary to reflect that the 2019 corrections to Robinson's original J&S were not nunc pro tunc in nature. We

dismiss Robinson's PRP under RAP 16.11(b).

WE CONCUR:

_____

_____Cohen, J._____          _____Mann, C.J._____