198 P.3d 1029 (2009)
STATE of Washington, Respondent,
v.
Kevin Lawrence HENDRICKSON, Petitioner.
In re the Matter of the Personal Restraint of Kevin Lawrence Hendrickson, Petitioner.
No. 80245-9.
Supreme Court of Washington, En Banc.
Argued October 30, 2008.
Decided January 15, 2009.
*1030 David L. Donnan, Thomas Michael Kummerow, Washington Appellate Project, Seattle, WA.
Kevin Lawrence Hendrickson (Appearing Pro Se).
Melody M. Crick, Pierce County Prosecutor's Office, Tacoma, WA, for Respondent.
STEPHENS, J.
¶ 1 Kevin Hendrickson was charged with possession of stolen property and identity theft. At trial, some of the charges were dismissed, Hendrickson was convicted of others, and the jury could not reach a unanimous verdict on the possession charge. After sentencing on the convictions, the State moved to dismiss the possession charge without prejudice, submitting a proposed order that the trial court signed. The clerk's office later determined that the order was inartfully drafted in that it appeared to dismiss Hendrickson's entire case. A month later, the State sought to remedy this mistake by submitting a nunc pro tunc order dismissing only the possession charge. Without objection from Hendrickson's counsel, the trial court entered the order. Hendrickson now claims that the first order dismissing the entire case cannot be undone by a nunc pro tunc order. We hold that the trial court did not abuse its discretion in entering the nunc pro tunc order.

FACTS AND PROCEDURAL HISTORY
¶ 2 Hendrickson was charged with possession of stolen property (Count 1) and 16 counts of identity theft. At the close of its case-in-chief, the State successfully moved to dismiss five counts of identity theft (Counts 2, 4, 5, 6, and 13). Hendrickson moved for a *1031 directed verdict in his favor on the remaining counts. The court dismissed eight counts with prejudice (Counts 3, 7, 8, 9, 10, 11, 14, and 15). Clerk's Papers at 93. The jury convicted Hendrickson on the remaining identity theft counts but could not reach a unanimous verdict on Count 1, the possession of stolen property charge. A judgment and sentence was entered on the convictions on February 3, 2006. Hendrickson filed his notice of appeal on February 27, 2006.
¶ 3 Five weeks after sentencing, on March 13, 2006, the court entered findings of fact and conclusions of law regarding the 13 counts dismissed during trial. Also on March 13, the State presented an order to the court entitled, "Motion and Order for Dismissal Without Prejudice," in which the State sought to dismiss Count 1 without prejudice.[1] Suppl. Br. of Resp't, App. A. The order was drafted in such a way that it appeared to dismiss Hendrickson's case in its entirety. One month later, on April 14, the State presented another dismissal order almost identical to its earlier one, except that the April 14 order clearly stated that only Count 1 (the possession charge) was to be dismissed. The trial court entered the order nunc pro tunc dated back to March 8, 2006.[2] Although he was given an opportunity to do so, Hendrickson's defense counsel did not object to the entry of this order. Report of Proceedings (Apr. 14, 2006) at 2.
¶ 4 Following his convictions, Hendrickson filed a direct appeal in the Court of Appeals and a personal restraint petition (PRP) in this court. We transferred the PRP to the Court of Appeals for consolidation with the appeal. In his briefing, Hendrickson claimed, inter alia, that the March 13 order dismissed his case in its entirety and that the trial court could not remedy that action with a nunc pro tunc order of dismissal. The Court of Appeals reversed one of Hendrickson's identity theft convictions due to ineffective assistance of counsel and affirmed his other convictions. State v. Hendrickson, 138 Wash.App. 827, 832-33, 158 P.3d 1257 (2007). For reasons that are not clear in the record, the court did not address Hendrickson's argument challenging the nunc pro tunc order.
¶ 5 Hendrickson filed a motion for discretionary review with this court, challenging the propriety of the nunc pro tunc order and alleging a number of other errors. This court granted review on the nunc pro tunc issue only. State v. Hendrickson, 163 Wash.2d 1045, 187 P.3d 271 (2008)

ANALYSIS
¶ 6 Hendrickson argues that the nunc pro tunc order was defective for two reasons. He contends first that a nunc pro tunc order cannot be used to record an event that never occurred in the first place and, second, that the trial court lacked jurisdiction to enter the nunc pro tunc order once it had dismissed the action in its entirety.
¶ 7 A nunc pro tunc order allows a court to date a record reflecting its action back to the time the action in fact occurred. See Black's Law Dictionary 1100 (8th ed.2004). Nunc pro tunc power derives from the common law rather than a court rule. Garrett v. Byerly, 155 Wash. 351, 353, 284 P. 343 (1930), overruled on other grounds by Martin v. Hadenfeldt, 157 Wash. 563, 289 P. 533 (1930). We review a trial court's exercise of its authority to enter a nunc pro tunc order for abuse of discretion. See State v. Smissaert, 103 Wash.2d 636, 640, 694 P.2d 654 (1985).
¶ 8 "A retroactive entry is proper only to rectify the record as to acts which did occur, not as to acts which should have occurred." Id. at 641, 694 P.2d 654. A nunc pro tunc order "records judicial acts done at a former time which were not then carried into the record." State v. Petrich, 94 Wash.2d 291, 296, 616 P.2d 1219 (1980). A *1032 nunc pro tunc order "`may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken.'" State v. Ryan, 146 Wash. 114, 117, 261 P. 775 (1927) (quoting 15 Ruling Case Law 622-23 (1917)). Thus, for example, a nunc pro tunc order is not appropriate to reopen a matter that was previously closed in order to resolve substantive issues differently. Barros v. Barros, 26 Wash.App. 363, 613 P.2d 547 (1980) (vacating a nunc pro tunc order, reasoning that a court could not alter a property distribution order between spouses to change an allegedly improper distribution). Instead, a nunc pro tunc order is generally appropriate to correct only ministerial or clerical errors, not judicial errors. Ryan, 146 Wash. at 116, 261 P. 775; see also Smissaert, 103 Wash.2d at 641, 694 P.2d 654. A clerical or ministerial error is one made by a clerk or other judicial or ministerial officer in writing or keeping records. Ryan, 146 Wash. at 116, 261 P. 775.
¶ 9 While our case law is scant as to what differentiates a clerical error from a judicial error in the nunc pro tunc context, we have considered the distinction in discussions regarding the court rules governing relief from judgment. "In deciding whether an error is `judicial' or `clerical,' a reviewing court must ask itself whether the judgment, as amended, embodies the trial court's intention, as expressed in the record at trial." Presidential Estates Apartment Assocs. v. Barrett, 129 Wash.2d 320, 326, 917 P.2d 100 (1996) (considering CR 60). Washington courts have also used this distinction in interpreting CR 60's companion criminal rule, CrR 7.8(a). State v. Snapp, 119 Wash.App. 614, 626-27, 82 P.3d 252 (2004).
¶ 10 We apply this distinction to acts involving nunc pro tunc orders. A trial court misuses its nunc pro tunc power and abuses its discretion when it uses such an order to change its mind or rectify a mistake of law. But where the record demonstrates that the court intended to take, and believed it was taking, a particular action only to have that action thwarted by inartful drafting, a nunc pro tunc order stands as a means of translating the court's intention into an order. See Schulze v. Or. R.R. & Navigation Co., 41 Wash. 614, 617-18, 84 P. 587 (1906) (using the phrase "making the record speak the truth" to mean that the record may be corrected nunc pro tunc to reflect what the court intended).
¶ 11 Here, the trial court clearly intended to dismiss only Count 1, the possession of stolen property charge, on March 13. This is demonstrated by the fact that on March 13, Count 1 was the only count that remained outstanding; all other counts had either been dismissed at trial or were dealt with in Hendrickson's previously filed judgment and sentence. Moreover, Hendrickson had filed his notice of appeal as to the convictions in his judgment and sentence on February 27. This necessarily deprived the trial court of the power to dismiss those counts without first obtaining permission from the appellate court. RAP 7.2(e). Hence, it was clearly a clerical mistake, and not a reflection of the trial court's intention, that the signed order appeared to dismiss the case against Hendrickson in its entirety. The trial court was within its discretion to enter a nunc pro tunc order correcting that mistake.[3]
¶ 12 Hendrickson argues in the alternative that the trial court deprived itself of the jurisdiction to enter a nunc pro tunc order when it dismissed the case in its entirety on March 13. The only Washington case Hendrickson cites in support of this proposition is distinguishable. In State v. Rosenbaum, 56 Wash.App. 407, 784 P.2d 166 (1989), a nunc pro tunc order was found to be an invalid method of extending a juvenile court's jurisdiction after the defendant turned 18. Importantly, a juvenile court's jurisdiction ends by statute when a defendant turns 18 unless extended prior to that date. Id. at 410, 784 P.2d 166. No such statutory limitation existed on the trial court's action here. It is arguable that transferring Rosenbaum's logic to the situation here would frustrate *1033 the effective administration of justice. Most notably it would suggest that a trial court lacks the power to set aside its own judgment or order under CR 60 or CrR 7.8(a). If there is a valid argument about the limits of the trial court's authority in this case, it is as noted above: the trial court did not have the power to dismiss this case in its entirety on March 13 because Hendrickson had already filed his notice of appeal from his convictions. We decline to set aside the nunc pro tunc order on jurisdictional grounds.

CONCLUSION
¶ 13 The record before us confirms that the trial judge intended to dismiss only Count 1 in the March 13 order and that the order dismissing the case in its entirety was a clerical error. Because it was a clerical error, a nunc pro tunc order was appropriately entered to reflect the trial court's intentions and make the record "speak the truth." We hold the trial court did not abuse its discretion in entering the nunc pro tunc order. Affirmed.
WE CONCUR: GERRY L. ALEXANDER, C.J., CHARLES W. JOHNSON, BARBARA A. MADSEN, RICHARD B. SANDERS, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, JJ.
NOTES
[1] At oral argument, the parties noted that the March 13 order of dismissal was presented ex parte. Had the motion to dismiss been noted and both sides given an opportunity to address the wording of the order before it was signed, perhaps the problems that ensued might have been avoided.
[2] The State acknowledges that the March 8 date was a mistake. Suppl. Br. of Resp't at 3 n. 2. There is no dispute that the nunc pro tunc order was intended to remedy the March 13 dismissal order. See Report of Proceedings (Apr. 14, 2006) at 2.
[3] Hendrickson asks that this court adopt a standard requiring a showing of "[c]lear and convincing evidence" to support a nunc pro tunc order. Suppl. Br. of Pet'r at 15. Because Hendrickson has not fully developed this argument, and because consideration of it is unnecessary to the resolution of the case, we decline to adopt the rule he advocates.