# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JEREMY GRANDE,

        Appellant,

        v.

SKAGIT COUNTY,

        Respondent.

No. 73835-6-I

DIVISION ONE

UNPUBLISHED

FILED: July 25, 2016

Cox, J. – Nunc pro tunc orders are generally appropriate only to correct clerical or ministerial errors, which are errors "made by a clerk or other judicial or ministerial officer in writing or keeping records."[1] Because Jeremy Grande's faulty notice of appeal was not such an error, the trial court properly denied his motion to amend his notice of appeal nunc pro tunc. We affirm.

In May 2013, a hearing examiner for the Skagit County Interlocal Drug Enforcement Task Force conducted a forfeiture proceeding regarding two of Grande's vehicles. The hearing examiner deemed the vehicles forfeited to the Skagit County Sheriff's Department.

In June 2013, Grande attempted to appeal the hearing examiner's decision. But it appears that he filed a notice of appeal to the court of appeals, using the cause number in his criminal proceeding, by filing the notice in Skagit

---

[1] State v. Hendrickson, 165 Wn.2d 474, 479, 198 P.3d 1029 (2009).

County Superior Court. The Skagit County Clerk informed him by letter of these errors.

In June 2015, Grande sought leave from the Skagit County Superior Court to file a notice of appeal nunc pro tunc. The superior court denied the motion, determining that Grande did not file a timely notice of appeal and that a nunc pro tunc order was "not appropriate."

Grande appeals.

## NUNC PRO TUNC ORDER

Grande argues that the superior court abused its discretion in denying his motion to file his notice of appeal nunc pro tunc. We disagree.

RCW 69.50.505 governs seizures and forfeitures. Washington's Administrative Procedure Act (APA), chapter 34.05 RCW, governs appeals from a seizing agency.[2] RCW 34.05.514(1) and RCW 69.50.507 require that a party file a timely petition for review in the superior court. The superior court acts in its appellate capacity, and "'all statutory [procedural] requirements must be met before jurisdiction is properly invoked.'"[3]

A nunc pro tunc order allows trial courts "to date a record reflecting its action back to the time the action in fact occurred."[4] This "'retroactive entry is proper only to rectify the record as to acts which did occur, not as to acts which

---

[2] RCW 69.50.505(5); RCW 69.50.507.

[3] Skinner v. Civil Serv. Comm'n, 168 Wn.2d 845, 850, 232 P.3d 558 (2010) (internal quotation marks omitted) (quoting Fay v. Nw. Airlines, Inc., 115 Wn.2d 194, 197, 796 P.2d 412 (1990)).

[4] Hendrickson, 165 Wn.2d at 478.

should have occurred.'"[5] Specifically, a nunc pro tunc order translates the court's intention into an order.[6]

Thus, nunc pro tunc orders are not appropriate to correct judicial errors, which are errors of substance.[7] Rather, they are generally appropriate to correct only clerical or ministerial errors, which are errors "made by a clerk or other judicial or ministerial officer in writing or keeping records."[8]

We review for abuse of discretion a trial court's exercise of its authority to enter a nunc pro tunc order.[9]

Here, Grande's notice of appeal failed to comply with the appellate procedure requirements of RCW 34.05.514(1) and RCW 69.50.507. Specifically, he filed a notice of appeal to the court of appeals, not the superior court. Moreover, he used his criminal case number, rather than a proper case number.

More importantly, Grande's erroneous notice of appeal was not a clerical or ministerial error made by a clerk or judicial officer. He made the mistake, not a clerk or judicial officer. Accordingly, a nunc pro tunc order was not appropriate to correct his error. The trial court did not abuse its discretion by denying Grande's motion.

---

[5] Id. (quoting State v. Smissaert, 103 Wn.2d 636, 641, 694 P.2d 654 (1985)).

[6] Id. at 479.

[7] Id. at 478-79; In re Marriage of Stern, 68 Wn. App. 922, 927, 846 P.2d 1387 (1993).

[8] Hendrickson, 165 Wn.2d at 479.

[9] Id. at 478.

3

Grande argues that the hearing examiner failed to advise him how to properly appeal the hearing examiner's decision. But the hearing examiner's decision stated that forfeiture proceedings are governed by RCW 34.05. The decision also stated "It is the responsibility of a person seeking review of a Hearing Examiner decision to consult applicable Code sections and other appropriate sources, including State law, to determine his/her rights and responsibilities relative to appeal."[10] Grande fails to cite authority stating that anything further is required of the hearing examiner.

Grande also argues that this court should exercise its discretion to consider the merits of this case in spite of his technical noncompliance with the Rules of Appellate Procedure. But Grande failed to comply with the appellate procedure requirements of RCW 34.05.514(1) and RCW 69.50.507. This court's discretion regarding the Rules of Appellate Procedure is not relevant here.

We affirm the trial court's order denying Grande's motion for leave to file a notice of appeal nunc pro tunc.

Cox, J.

WE CONCUR:

Trickey, J

---

[10] Clerk's Papers at 44.

4