# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50329-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| TODD DWAYNE ROGERS, | |
| Appellant. | |

MAXA, C.J. – Todd Rogers appeals the trial court's order correcting his judgment and sentence on his second degree manslaughter charge. The court's original sentence was 89 months of confinement for the conviction, 36 additional months for a firearm enhancement, and 18 to 36 months of community custody. Because the total sentence exceeded the 120 month statutory maximum, the court entered an order that corrected the judgment and sentence by reducing the sentence for the firearm enhancement to 31 months and eliminating the community custody. The order was nunc pro tunc – retroactive – to the date of original sentencing.

Rogers argues that the trial court lacked authority to correct his sentence with a nunc pro tunc order and instead should have conducted a resentencing hearing. In a statement of additional grounds (SAG), he also argues that the trial court lacked authority to eliminate community custody and to reduce the firearm enhancement sentence.

We hold that the trial court (1) abused its discretion in correcting the judgment and sentence and not resentencing Rogers, (2) had authority to eliminate community custody to prevent the overall sentence from exceeding the statutory maximum, and (3) did not have authority to reduce the term of the mandatory firearm enhancement. Therefore, we remand for resentencing.

FACTS

In 2007, Rogers was convicted after trial of first degree murder. By guilty pleas, he also was convicted of second degree manslaughter with a firearm enhancement and first degree unlawful possession of a firearm. The trial court sentenced Rogers on April 20, 2007.

For the murder conviction (count 1), the trial court imposed 416 months of confinement, 60 additional months for a firearm enhancement, and 24-48 months of community custody. For the second degree manslaughter conviction (count 2), the high end of the statutory range was 89 months and the statutory maximum was 120 months. The trial court imposed 89 months of confinement, 36 additional months for a firearm enhancement, and 18 to 36 months of community custody. The court made no comments on the record about the manslaughter sentence except that the firearm enhancement for count 2 would run consecutive to the sentence for count 1.

This court affirmed Rogers's conviction on appeal. *State v. Rogers*, noted at 149 Wn. App. 1036 (2009).

In February 2017, Rogers filed a CrR 7.8(b)(5) motion in the trial court in which he claimed that he was entitled to resentencing because his total sentence on his manslaughter conviction exceeded the 120 month statutory maximum. The State conceded the sentencing

No. 50329-8-II

error. In April, the trial court[1] entered an order correcting the judgment and sentence. The order

stated:

> 1) Page 5 of the Judgment and Sentence, Section 4.12 is corrected as follows:
>    a) 36 months on Count II (firearm enhancement) is deleted; and
>    b) 31 months on Count II (firearm enhancement) is inserted in its stead.
>    c) Community custody is stricken.
>
> 2) All other terms and conditions of the original Judgment and Sentence shall remain in full force and effect as if set forth in full herein.

Clerk's Papers at 50. The court made the order nunc pro tunc to April 20, 2007.

Rogers appeals the trial court's order.

ANALYSIS

A.  CORRECTION OF JUDGMENT AND SENTENCE

Rogers contends that the trial court erred in entering an order correcting the judgment and

sentence nunc pro tunc rather than resentencing him. We agree.

1.  Legal Principles

"A nunc pro tunc order allows a court to date a record reflecting its action back to the

time the action in fact occurred." *State v. Hendrickson*, 165 Wn.2d 474, 478, 198 P.3d 1027

(2009). We review for abuse of discretion a trial court's exercise of its authority to enter such an

order. *Id.*

CrR 7.8(a) allows the trial court to correct "[c]lerical mistakes in judgments, orders or

other parts of the record and errors therein arising from oversight or omission." Similarly, a

nunc pro tunc order is appropriate to correct ministerial or clerical errors. *Hendrickson*, 165

---

[1] The judge considering Rogers's motion was different than the original sentencing judge.

3

Wn.2d at 479. However, a trial court does not have authority to correct a *judicial* error either under CrR 7.8(a) or through a nunc pro tunc order. *Id.*; *State v. Rooth*, 129 Wn. App. 761, 770, 121 P.3d 755 (2005).

" 'In deciding whether an error is 'judicial' or 'clerical,' a reviewing court must ask itself whether the judgment, as amended, embodies the trial court's intention, as expressed in the record at trial.' " *Hendrickson*, 165 Wn.2d at 479 (quoting *Presidential Estates Apartment Assocs. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996)). "If it does, then the amended judgment merely corrects the language to reflect the court's intention or adds the language the court inadvertently omitted. If it does not, then the error is judicial and the court cannot amend the judgment and sentence." *Rooth*, 129 Wn. App. at 770 (citation omitted).

"A trial court misuses its nunc pro tunc power and abuses its discretion when it uses such an order to change its mind or rectify a mistake of law. But where the record demonstrates that the court intended to take, and believed it was taking, a particular action only to have that action thwarted by inartful drafting, a nunc pro tunc order stands as a means of translating the court's intention into an order." *Hendrickson*, 165 Wn.2d at 479.

    2.   Analysis

The 2007 judgment and sentence unequivocally sentenced Rogers on his second degree manslaughter charge (count 2) to 89 months of confinement, an additional 36 months for the sentence enhancement, and 18 to 36 months of community custody. The law is clear that a defendant's total sentence cannot exceed the statutory maximum for the offense, including sentence enhancements and community custody. *E.g.*, RCW 9.94A.505(5); *State v. Boyd,* 174 Wn.2d 470, 473, 275 P.3d 321 (2012). The trial court acknowledged in 2007 that the statutory

maximum for second degree manslaughter was 120 months. *See* RCW 9A.20.02l(l)(b). The court erred in imposing a total sentence of 143 to 161 months.

The State argues that the original sentencing court expressed an intention at sentencing to impose the maximum sentence for the second degree manslaughter conviction. At the sentencing hearing, the trial court explained that it was sentencing Rogers *on the murder conviction* to the maximum allowed within the standard range:

> I am going to sentence you in Count I to the high end which is the 416 months, plus the 60 months for the firearm, plus the 36 months in Count II that have to run consecutive, for a total of 400 -- 512 months, which is the highest end and the maximum; Counts II and III will run consecutive, concurrent, concurrent with each other and with Count I.

14 Report of Proceedings at 1572. But the court expressed an intention to impose the maximum sentence only on count 1, not on count 2. The only reference to count 2 was that the manslaughter firearm enhancement would run consecutive to the murder sentence.

Nothing in the record shows what the original sentencing court intended regarding the manslaughter sentence. And the judgment and sentence does not show any intent other than to impose the sentence reflected. In fact, the judgment and sentence shows an incorrect total sentencing range of 103 to 125 months, which exceeded the statutory maximum and did not account for the community custody. This additional mistake suggests that this was judicial error.

We hold that that the error the trial court attempted to correct with a nunc pro tunc order was a judicial error, not a clerical or ministerial error. Therefore, the trial court abused its discretion in entering a nunc pro tunc order correcting the judgment and sentence instead of resentencing Rogers.

B.    REDUCTION OF FIREARM ENHANCEMENT AND COMMUNITY CUSTODY

In his SAG, Moore asserts that the trial court acted contrary to the law when it reduced the length of his firearm enhancement and eliminated his community custody term. We agree that the trial court lacked authority to reduce the term of the firearm enhancement, but we disagree that the court erred in reducing the term of community custody.[2]

Under RCW 9.94A.533(3), all firearm enhancements are mandatory. The trial court may not reduce the term of the enhancement if the overall sentence exceeds the statutory maximum. RCW 9.94A.533(3)(g); *State v. DeSantiago,* 149 Wn.2d 402, 416, 68 P.3d 1065 (2003). The trial court violated this statutory mandate when it corrected the original judgment and sentence.

Rogers claims that because community custody is mandatory for violent crimes and crimes against a person, the trial court erred in eliminating his community custody requirement. But RCW 9.94A.701(9) states that the trial court shall reduce the community custody term to prevent the overall sentence from exceeding the statutory maximum. The trial court's elimination of Rogers's community custody complied with this statute.

CONCLUSION

The trial court abused its discretion in correcting the judgment and sentence regarding second degree manslaughter in a nunc pro tunc order instead of resentencing Rogers. And the court erred in reducing the length of Rogers's firearm enhancement. Accordingly, we remand for resentencing.

---

[2] Although we remand for resentencing on other grounds, we address these additional issues because they may arise on resentencing.

6

No. 50329-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

WORSWICK, J.

MELNICK, J.