# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53498-3-II |
| Respondent, | |
| v. | |
| SOY OEUNG, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Soy Oeung was an accomplice to a home invasion robbery with her boyfriend, Azias Demetrius Ross. After a jury trial, where she was tried with Ross, Oeung was convicted of numerous offenses, and she appealed various aspects of her convictions and sentence to this court. We held, in part, that her sentence on one count of conspiracy to commit robbery and burglary (count XIV) exceeded the statutory maximum when served with a mandatory firearm enhancement, and we remanded for resentencing.

On remand, the trial court resentenced Oeung by entering a nunc pro tunc order that imposed an exceptional sentence below the standard range for the conspiracy count. Although the trial court suggested that it may be open to considering arguments about an exceptional mitigated sentence on Oeung's other counts at a later date, the trial court ultimately declined to consider additional arguments.

Oeung now argues that the trial court abused its discretion by correcting a judicial error in a nunc pro tunc order and by failing to recognize its discretion to conduct a full resentencing,

including consideration of an exceptional sentence below the standard range on her other counts. Oeung also argues that her current sentence is unlawful.

We hold that the trial court abused its discretion by correcting a judicial error with a nunc pro tunc order and remand for resentencing. In addition, consistent with Division One's decision in Ross's similar appeal and RAP 2.5(c), we hold that the trial court has discretion to resentence Oeung on all counts and to consider recent developments in Washington law regarding the sentencing of youthful defendants when resentencing her.

FACTS

Oeung was one of several people involved in a string of seven home invasion robberies in Tacoma in 2012. She was 20 years old at the time.

Oeung was tried with her boyfriend, Ross. At trial, the State proved Oeung's involvement in one of the home invasions. She knocked on the door of a couple's home, asked for "'John,'" and then drove away. Clerk's Papers (CP) at 41. Approximately one hour later, two men broke into the home, held the couple at gunpoint, and robbed them. Oeung and another woman waited nearby, communicating with the men inside the home via walkie-talkie, and then they returned to pick up the men from the home. Oeung was paid $200 for her role.

For her role as an accomplice, Oeung was convicted of conspiracy to commit first degree robbery and burglary, first degree burglary, two counts of first degree robbery, two counts of unlawful imprisonment, theft of a firearm, and first degree trafficking in stolen property.[1] All but one of these convictions included a firearm enhancement.

---

[1] Oeung was also convicted of two counts of second degree assault, but the assault convictions were dismissed because they violated double jeopardy.

I. ORIGINAL SENTENCING AND APPEAL

Oeung was originally sentenced in 2014 by Judge Thomas J. Felnagle. She requested an exceptional mitigated sentence of zero months on the base offenses, leaving 288 months in mandatory firearm enhancements. She argued for an exceptional sentence primarily based on her background, including her difficult childhood, and her "lesser level of participation." CP at 240.

Oeung's request for a mitigated sentence discussed her childhood, including her experiences with domestic violence, physical abuse, mental abuse, her father's alcoholism, and her parents' gambling, which led to persistent housing instability. Oeung also argued that she did not have the capacity to appreciate the wrongfulness of her conduct because "she was addicted to pills after a painful pregnancy and delivery[, which] clouded her judgment." Br. of Appellant, App. A at 3. Oeung emphasized that she played a minor role in facilitating the crimes, noting that "she just knocked on the door, then went back to the car. She could not appreciate that she was admitting to being an accomplice to the subsequent robbery." *Id.*

Discussing Oeung's relationship with Ross, Ross's mother shared that the two met when they were in middle school, and they "immediately became friends." Br. of Appellant, App. A at 4 (undated letter from HawkEye Investigation Services regarding mitigating circumstances meriting leniency). They later began dating off and on, and they had a child together in 2011. Due to problems with her own family, Oeung often lived with the Ross family, and she remains close with Ross's parents. Some of the sentencing information suggests that Oeung may have seen her participation in the home invasion as "a way of providing support for her baby[ and] her baby's father and establishing herself in the [Ross] family unit." *Id.* at 7.

At the time of her sentencing, the Washington Supreme Court had not yet decided cases addressing youthfulness and difficulties in childhood as mitigating factors at sentencing. The trial court noted that Oeung "had a terrible upbringing," but it concluded, "[T]he legislature and the [c]ourts have determined that terrible backgrounds are not the kind of thing that support a mitigated sentence. They are specific to the individual involved[; they are] personal items that are factors that the [c]ourt is not supposed to consider." CP at 254-55.

Judge Felnagle expressed his opinion that 288 months, the amount required for Oeung's firearm enhancements, was probably a sufficient sentence, but he did not believe he had the authority to grant an exceptional sentence. Therefore, he concluded, "I am [going to] give [Oeung] the low end of the range on each count." CP at 256. He added, "I will say that on appeal, . . . if I felt I had the authority based on any of the reasons that have been identified to grant an exceptional sentence, I would consider it." *Id.* In contrast, he told Ross, "'Even if I did have authority . . . to give you an exceptional sentence downward, I wouldn't.'" Verbatim Report of Proceedings, *State v. Ross*, No. 51469-9-II & No. 81031-6-I (Ross VRP) (Jan. 26, 2018) at 21.[2]

The trial court sentenced Oeung to the low end of the standard range on her base offenses. With the firearm enhancements, this amounted to 417 months, nearly 35 years.

Oeung appealed. In 2016, in a consolidated appeal with Ross, we affirmed in part, reversed in part, and "remand[ed] in part for resentencing." CP at 106.

---

[2] We incorporated transcripts from Ross's appeal into Oeung's record. Ross's case was designated no. 51469-9-II when it was pending before this court and no. 81031-6-I when it was transferred to Division One. Transcripts from Ross's appeal are referred to as "Ross VRP." Transcripts from this appeal are referred to as "Oeung VRP."

One of the issues addressed on appeal was that Oeung's sentence on the conspiracy count (count XIV) and Ross's sentences on conspiracy and unlawful imprisonment counts (counts I and XI) exceeded the statutory maximum when served with the firearm enhancements. We remanded for resentencing and specifically instructed the trial court "to resentence Ross on counts I and XI and Oeung on count XIV not to exceed the statutory maximum sentence." CP at 106. We also required that Oeung's and Ross's convictions, which had been dismissed without prejudice on double jeopardy grounds, be dismissed with prejudice instead.

Another issue addressed in this appeal was whether the trial court erred by denying Oeung's request for an exceptional mitigated sentence. On that issue, we held that because "there is no evidence that the sentencing court's decision was legally incorrect or that it refused to exercise its discretion," there was no abuse of discretion. CP at 99. We did not specifically address youth as a possible mitigating factor.

II. REMAND AND CURRENT APPEAL

On remand, Oeung and Ross appeared before Judge Gretchen Leanderson. At an October 6, 2017 hearing, the parties discussed the specific sentencing corrections ordered by this court—dismissing some counts with prejudice, rather than without, and resentencing on counts that exceeded the statutory maximum. Both Oeung and Ross requested a full resentencing.

Ross's counsel spoke first and argued that "by virtue of the appellate order remanding for resentencing for -- of counts one and [eleven], that this [c]ourt does have discretion to fully resentence Mr. Ross on all counts." Ross VRP (Oct. 6, 2017) at 3. Counsel cited then-new case law on how to consider youth in sentencing, including *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), and *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015). He also fully

briefed these issues prior to the hearing. Judge Leanderson said that she understood she had discretion to fully resentence on remand. However, she noted that the State was not prepared to proceed on the broader resentencing issues, so she agreed "to take care of the immediate matters and issues concerning the mandate" and then to allow the State "the opportunity to provide some briefing and to prepare for a subsequent hearing." Ross VRP (Oct. 6, 2017) at 9.

Oeung's counsel had not yet filed a brief in support of Oeung's full resentencing. He proposed setting "a court date to address the discretion issue" and to "look at the potential resentencing issues." Oeung VRP (Oct. 6, 2017) at 1-2. Oeung's counsel told the trial court that he would file a brief and requested that it be heard on the same date as Ross's motion. The trial court's journal entry from that date notes that counsel "requests a subsequent date be [set] to resentence on two counts." CP at 312.[3]

On the same day, the trial court entered an order correcting Oeung's judgment and sentence. It imposed an exceptional sentence below the standard range on count XIV and removed community custody for that count "'in consideration of the statutory maximum and to accommodate the firearm sentence enhancement.'" CP at 31. The trial court also dismissed the assault counts with prejudice, as we required in our remand instructions. The trial court described this order as nunc pro tunc to the original judgment and sentence.

---

[3] It is unclear what two counts this refers to, but it was likely a mistaken reference to the two counts on which Ross's sentence exceeded the statutory maximum.

A.      Ross's Resentencing

Judge Leanderson held a hearing on Ross's motion for resentencing on January 26, 2018. There, the State noted that Oeung, unlike Ross, had presented a mitigation packet at the original sentencing and requested a mitigated sentence pursuant to RCW 9.94A.535(1). The State argued, "Ms. Oeung may very well be entitled to a resentencing because Judge Felnagle thought he didn't have the authority [to grant an exceptional sentence] but, in fact, he did." Ross VRP (Jan. 26, 2018) at 21. In contrast, Judge Felnagle told Ross that he would not impose an exceptional downward sentence for him, even if he thought that he had the authority to do so.

Judge Leanderson ruled that her mandate from the Court of Appeals was limited to correcting specific scrivener's errors and sentences that exceeded the statutory maximum. She further stated her belief that Judge Felnagle did exercise his discretion when he said he would not give Ross an exceptional sentence. She ultimately concluded, "I do not have the discretion to resentence." *Id.* at 35. She then entered a written order denying Ross's motion for a full resentencing, supporting her ruling with findings of fact and conclusions of law.

Ross appealed this order, and Division One concluded that because "Division Two's mandate required the trial court to exercise its discretion and impose a new sentence on . . . two counts, it did not limit the trial court to ministerial corrections. Thus, the trial court had discretion to fully resentence as to all counts." *State v. Ross*, No. 81031-6-I, slip op. at 5 (Wash. Ct. App. Aug. 3, 2020) (unpublished), http://www.courts.wa.gov/opinions/pdf/810316%20order%20and%20opinion.pdf. Because the trial court did not recognize this discretion, Division One remanded "for the trial court to consider Ross's request for a new sentencing hearing on all of his convictions." *Id.*

B.      Oeung's Resentencing

Oeung was not heard on the issue of whether she was entitled to a full resentencing until October 26, 2018. Prior to this hearing, Oeung filed two motions for resentencing. One was filed in May 2018, arguing that the trial court had discretion to consider her firearm enhancements as a mitigating factor and discretion to run her firearm enhancements concurrently. Another was filed in October 2018, arguing that the trial court had discretion to consider Oeung's youthfulness as a mitigating factor in resentencing her. Her motion explained, "Trial counsel did raise the issue of Ms. Oeung's youth at sentencing in arguing for leniency, but did not expressly request consideration of her youth as a mitigating factor in light of controlling law in effect at the time." CP at 283.

At the hearing, Oeung argued that, procedurally, she believed she was in the same position as Ross. However, Judge Leanderson told Oeung that she was denying the motions for resentencing and explained, "The [C]ourt of [A]ppeals had remanded for what I believed to be a ministerial correction to errors in the judgment and sentence." Oeung VRP (Oct. 26, 2018) at 16. She then ruled that her nunc pro tunc sentencing order from October 6, 2017 was final and that the legal arguments raised by Oeung should be transferred to this court as a personal restraint petition.

The trial court entered a written order denying Oeung's motions for resentencing. In this order, the trial court expressed its understanding that we had remanded for the correction of scrivener's errors only, stated that its October 6, 2017 order correcting these errors was now final, and transferred the question of whether Oeung is eligible for an exceptional mitigated sentence to this court as a collateral attack.

We rejected the transfer and remanded back to the trial court, clarifying that the trial court could not both rule on the merits of a motion *and* transfer it to this court as a collateral attack. On March 4, 2019, the trial court vacated its prior October 26, 2018 order denying Oeung's motions for resentencing and then transferred the matter back to this court for consideration as a personal restraint petition.[4]

Oeung appeals two sentencing orders: the October 6, 2017 motion and order correcting judgment and sentence and the now-vacated October 26, 2018 order on resentencing. She does not appeal the trial court's March 4, 2019 order on defendant's motion for resentencing.

ANALYSIS

RESENTENCING ON REMAND

Oeung argues that the trial court erred when it designated its October 6, 2017 order nunc pro tunc because we "ordered resentencing, and the trial court did not act in a solely ministerial capacity or enter mere nunc pro tunc corrections." Br. of Appellant at 17 (emphasis omitted) (boldface omitted). We agree.

A.    Nunc Pro Tunc Orders

A trial court may enter a nunc pro tunc order "to date a record reflecting its action back to the time the action in fact occurred." *State v. Hendrickson*, 165 Wn.2d 474, 478, 198 P.3d 1029 (2009). But this is "'proper only to rectify the record as to acts which did occur, not as to acts which should have occurred.'" *Id.* (quoting *State v. Smissaert*, 103 Wn.2d 636, 641, 694 P.2d 654 (1985)). "We review a trial court's exercise of its authority to enter a nunc pro tunc order for abuse

---

[4] We denied a motion to consolidate this personal restraint petition with the present appeal.

of discretion," which occurs when the trial court "uses such an order to change its mind or rectify a mistake of law." *Id.* at 478-79.

"[A] nunc pro tunc order is generally appropriate to correct only ministerial or clerical errors, not judicial errors." *Id.* at 479. To determine whether a correction addresses a ministerial error, meaning an error made "in writing or keeping records," we ask "'whether the judgment, as amended, embodies the trial court's intention, as expressed in the record at trial.'" *Id.* (quoting *Presidential Estates Apt. Assocs. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996)).

B.      Discretion on Remand

When addressing the scope of the trial court's authority to resentence on remand, we have explained that there is a difference between a remand "for an entirely new sentencing proceeding" and a remand "for the trial court to enter only a ministerial correction of the original sentence." *State v. Toney*, 149 Wn. App. 787, 792, 205 P.3d 944 (2009).

In *State v. Kilgore*, the Supreme Court addressed a situation where only some of the defendant's convictions were impacted by the prior appellate decision. 167 Wn.2d 28, 33-34, 216 P.3d 393 (2009). Specifically, the appellate court had reversed two of Kilgore's seven convictions and remanded "'for further proceedings.'" *Id.* at 34. As the concurrence points out, the *Kilgore* court explained that a trial court's discretion to resentence on remand is "limited by the scope of the appellate court's mandate." Concurrence at 1 (citing *Kilgore*, 167 Wn.2d at 42). But the remand for further proceedings in that case allowed the resentencing court discretion to resentence on the remaining five counts that were unaffected by the prior appeal pursuant to RAP 2.5(c)(1). *See Kilgore*, 167 Wn.2d at 41. The Ninth Circuit has also concluded that a mandate to resentence on some counts allows the resentencing court to revisit the sentence on all remaining counts. *See*

*Troiano v. United States*, 918 F.3d 1082, 1087 (9th Cir.) ("[T]he decision to unbundle a sentencing package—that is, to conduct a full resentencing on all remaining counts of conviction when one or more counts of a multi-count conviction are undone—rests within the sound discretion of the district court."), *cert. denied*, 139 S. Ct. 2729 (2019).

In a recent unpublished opinion addressing Ross's argument that our mandate in this case permitted a full resentencing—an identical argument to the one Oeung raises here—Division One relied on *Kilgore* and *Toney* to conclude: "Because Division Two's mandate required the trial court to exercise its discretion and impose a new sentence on . . . two counts, it did not limit the trial court to ministerial corrections. Thus, the trial court had discretion to fully resentence as to all counts." *Ross*, No. 81031-6-I, slip op. at 5. Because the trial court did not recognize this discretion, Division One remanded "for the trial court to consider Ross's request for a new sentencing hearing on all of his convictions." *Id.*

"'While no defendant is entitled to an exceptional sentence below the standard range, every defendant is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered.'" *State v. Bunker*, 144 Wn. App. 407, 421, 183 P.3d 1086 (2008) (quoting *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005)). "A trial court's erroneous belief that it lacks the discretion to depart downward from the standard sentencing range is itself an abuse of discretion warranting remand." *Id.*

C.     Oeung's Resentencing

The trial court's October 6, 2017 order is the only sentencing order validly before this court. The State correctly notes that the trial court vacated its October 26, 2018 order on

resentencing. And the trial court's March 4, 2019 order vacating the October 26, 2018 order was not designated for review in Oeung's notice of appeal.

Focusing on the October 6, 2017 order, the State argues that Oeung is not challenging the specific sentencing changes within this order. However, Oeung does challenge the trial court's designation of the order as nunc pro tunc. We agree with Oeung that the trial court abused its discretion in resentencing her with a nunc pro tunc order.

The trial court corrected a judicial error, or mistake of law, when it resentenced Oeung on the conspiracy count (count XIV). On appeal, we determined that with the firearm enhancement, the sentence for this count exceeded the statutory maximum and violated RCW 9A.20.021 and 9.94A.533(3)(g), and we remanded for resentencing.

Judge Felnagle's expressed intention at the original sentencing was to sentence Oeung to a standard range sentence on count XIV. In contrast, Judge Leanderson's order on remand imposed an exceptional sentence below the standard range on count XIV and deleted the community custody term in order to bring the sentence, when the firearm enhancement was added, within the statutory maximum. This corrected a judicial error, not a ministerial one. *See Hendrickson*, 165 Wn.2d at 479. We hold that the trial court abused its discretion by correcting a judicial error with a nunc pro tunc order and, therefore, we remand for resentencing.

In addition, we apply the same reasoning that Division One applied in *Ross* and conclude that the trial court had discretion to consider any arguments not determined by a prior appeal. Judge Leanderson said that she did not believe she had discretion to fully resentence Oeung, stating, "The [C]ourt of [A]ppeals had remanded for what I believed to be a ministerial correction

to errors in the judgment and sentence." Oeung VRP (Oct. 26, 2018) at 16. But as just discussed, our remand required more than a ministerial correction.

To the extent that we previously held the trial court did not abuse its discretion when it denied Oeung's request for an exceptional sentence under RCW 9.94A.535(1), we are entitled to revisit our earlier decision in light of intervening case law. *See* RAP 2.5(c)(2) (permitting this court to review "an earlier decision . . . in the same case and, where justice would best be served, decide the case on the basis of [our] opinion of the law at the time of the later review"). Justice would best be served by permitting the trial court to reconsider whether an exceptional sentence is appropriate under RCW 9.94A.535(1) in light of current law. Judge Felnagle was clear that he believed the 288 months of firearm enhancements would probably be a sufficient sentence, and he remarked, "[I]f I felt I had the authority based on any of the reasons that have been identified to grant an exceptional sentence, I would consider it." CP at 256. At Oeung's original sentencing in 2014, the trial court and the parties all remarked that the question of whether a defendant's personal characteristics or history could ever support a mitigated sentence had yet to be fully addressed by the appellate courts.

After Oeung's 2014 sentencing, the Supreme Court held that the trial court does have the authority to consider an exceptional sentence below the standard range based on specific personal characteristics that may influence a defendant's ability to appreciate the wrongfulness of their conduct, including a defendant's youthfulness and background. *O'Dell*, 183 Wn.2d at 695-96; *see also Houston-Sconiers*, 188 Wn.2d at 23. A trial court's erroneous belief that it lacks the discretion to impose an exceptional sentence is an abuse of discretion warranting remand. *Bunker*, 144 Wn. App. at 421.

Remand is particularly warranted here because Division One recently remanded for Oeung's co-defendant, Ross, to be resentenced, after concluding that this court's prior instructions were not "purely ministerial." *Ross*, No. 81031-6-I, slip op. at 5. Oeung is a young woman of color, convicted as an accomplice for actions taken inside of a burglarized home that she never entered herself. Moreover, at Oeung's original sentencing hearing, Judge Felnagle distinguished Oeung from Ross and expressly stated that he would grant Oeung an exceptional downward sentence if he could, whereas he would not do so for Ross. It would be a gross miscarriage of justice for Ross to now receive an opportunity to argue again for an exceptional downward sentence on all counts based on recent case law, but to deprive Oeung of that same opportunity. This potential disparity makes this case unique. We hold that the trial court has discretion to resentence Oeung on all counts and to consider recent developments in Washington sentencing law when resentencing her.[5]

## CONCLUSION

We hold that the trial court abused its discretion by correcting a judicial error with a nunc pro tunc order and remand for resentencing. In addition, consistent with Division One's decision in Ross's similar appeal and RAP 2.5(c), we hold that the trial court has discretion to resentence Oeung on all counts and to consider recent developments in Washington law when resentencing her.[6]

---

[5] We note, however, that any decision regarding Oeung's firearm enhancements must be consistent with *State v. Brown*, 13 Wn. App. 2d 288, 466 P.3d 244, *review denied*, 196 Wn.2d 1013 (2020), which held that trial courts lack discretion to impose concurrent firearm enhancements on adult defendants.

[6] Because we remand for resentencing, we need not address Oeung's arguments that her current sentence is unlawful.

No. 53498-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Glasgow, J.

I concur:

_____
Sutton, A.C.J.

No. 53498-3-II

MAXA, J. (concurring in result) – I agree that under the unique situation presented in this case, Soy Oeung is entitled to a full resentencing. I write separately because the applicable law does not directly support this result.

The law is clear that the trial court's authority to address sentencing issues on remand is limited by the scope of the appellate court's mandate. *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). Here, this court remanded for the trial court to resentence Oeung on one specific count. This court's opinion did not state or even suggest that Oeung was entitled to a full resentencing. Nevertheless, the circumstances here make it fair for Oeung to receive a full resentencing.

_____
Maxa, J.

16