IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82122-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| LACHARITE, JONATHAN ALAN, | ) | |
| DOB: 12/02/1971, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — Jonathan Alan LaCharite appeals a nunc pro tunc order changing his sentence for domestic violence rape of a child in the second degree from a determinate sentence of 102 months to an indeterminate sentence of 102 months to life. Because the nunc pro tunc order corrected a judicial rather than a clerical error, we reverse and remand for resentencing.

FACTS

LaCharite sexually assaulted his preteen adoptive daughter several times between September 2016 and September 2019. The State charged him with second degree rape of a child (count 1) and second degree child molestation (count 2) with domestic violence designations. In March 2020, LaCharite pleaded guilty to both charges.

At sentencing, the State requested a low-end standard-range sentence of 102 months for second degree rape of a child and 31 months for second degree

child molestation.  LaCharite requested a special sex-offender sentencing alternative (SSOSA), which the State opposed.  The court rejected LaCharite's request for a SSOSA and imposed the following sentence:

> [B]ased on the totality of what has been presented, [a SSOSA] is not an appropriate sentence. . . .
>  . . . .
>  . . . [O]n count one, 102 months; count two, 31 months. Those would be served concurrently per the statute.  Lifetime supervision would be imposed on count one, 36 months as to count two.

The court issued a written judgment and sentence prepared by the prosecutor.  Paragraph 4.1 of the judgment and sentence ordered a determinate sentence of 102 months on count 1 and 31 months on count 2 for an "[a]ctual term of total confinement" of 102 months.  The sections of the judgment and sentence designated for indeterminate sentences under RCW 9.94A.507 providing for a maximum and minimum sentence were blank.  Paragraph 4.2 ordered lifetime community custody on count 1 and 36 months of community custody on count 2.

About a month after sentencing, the Department of Corrections (DOC) notified the parties and the court that LaCharite's standard-range sentence on count 1 was unlawful because RCW 9.94A.507 required an indeterminate sentence for a second degree rape of a child conviction.  The State moved for an order nunc pro tunc to amend count 1 to reflect an indeterminate sentence under RCW 9.94A.507.

LaCharite objected, arguing that a nunc pro tunc order was inappropriate because the judgment and sentence contained no clerical errors.  He contended

the judgment and sentence reflected the court's ruling "exactly the way [the court] said it." As a result, he asked the court to resentence him.

The court determined that "the State simply put the minimum term number into the wrong place on the confinement section of . . . paragraph four." The court concluded it need not resentence LaCharite on count 1 because it was "just correcting what, in fact, occurred." The court then amended paragraph 4.1 of the judgment and sentence nunc pro tunc, ordering that LaCharite serve "a minimum term of 102 months and a maximum term of life under RCW 9.94[A].507" for count 1.

LaCharite appeals.

ANALYSIS

The parties agree that the trial court's determinate sentence in the original judgment and sentence was unlawful. But LaCharite argues the trial court should have resentenced him rather than issue a nunc pro tunc judgment to correct his unlawful sentence. We agree.

Courts have a duty and the power to correct an erroneous sentence on its discovery. In re Pers. Restraint Petition of Call, 144 Wn.2d 315, 332, 28 P.3d 709 (2001). Generally, resentencing is the proper way a trial court corrects an erroneous sentence. State v. Smissaert, 103 Wn.2d 636, 640-641, 694 P.2d 654 (1985). Only when a sentencing error results from a clerical mistake in the judgment and sentence should a trial court correct that error by nunc pro tunc order. State v. Hendrickson, 165 Wn.2d 474, 478-79, 198 P.3d 1029 (2009). A

clerical error is one made by a clerk or other judicial or ministerial officer in writing or keeping records. Hendrickson, 165 Wn.2d at 479.

The purpose of a nunc pro tunc order is "to record some prior act of the court which was actually performed but not entered into the record at that time." State v. Rosenbaum, 56 Wn. App. 407, 410-11, 784 P.2d 166 (1989). So the authority of the court to enter an order nunc pro tunc is limited to recording judicial action actually taken. Rosenbaum, 56 Wn. App. at 411. If a court " 'rendered an imperfect or improper judgment, it has no power to remedy th[o]se errors or omissions by ordering the entry nunc pro tunc of a proper judgment.' " State v. Ryan, 146 Wash. 114, 117, 261 P. 775 (1927) (quoting 15 RULING CASE LAW Judgments § 64, at 622-23 (1917)).

We review a trial court's exercise of its authority to enter a nunc pro tunc order for abuse of discretion. Hendrickson, 165 Wn.2d at 478.

> A trial court misuses its nunc pro tunc power and abuses its discretion when it uses such an order to change its mind or rectify a mistake of law. But where the record demonstrates that the court intended to take, and believed it was taking, a particular action only to have that action thwarted by inartful drafting, a nunc pro tunc order stands as a means of translating the court's intention into an order.

Hendrickson, 165 Wn.2d at 479.

RCW 9.94A.507 governs sex-offender sentencing. Under that statute, any person convicted of second degree rape of a child "shall" receive an indeterminate sentence. RCW 9.94A.507(1)(a)(i), (3)(a). An indeterminate sentence consists of a maximum and a minimum term of confinement. RCW 9.94A.507(3)(a). The maximum term is the maximum penalty allowed by statute.

4

RCW 9.94A.507(3)(b). The minimum term is a period of confinement within the standard sentence range. RCW 9.94A.507(3)(c)(i). A "determinate sentence" is "a sentence that states with exactitude the number of actual years, months, or days of total confinement." RCW 9.94A.030(18).

Here, the record shows that the trial court ordered an exact term of confinement. It imposed "on count one, 102 months; count two, 31 months" of confinement to "be served concurrently per the statute." Paragraph 4.1 of the judgment and sentence states that the court imposed a "[d]eterminate [s]entence[ ]" under RCW 9.94A.589 of 102 months on count 1 and 31 months on count 2 for an "[a]ctual term of total confinement" of 102 months. The court ordered no maximum term of confinement. Because the written judgment and sentence accurately reflects the court's oral ruling, the error is not clerical.

The State argues that the sentencing court may not have clearly "impose[d] one kind of sentence over the other" at the sentencing hearing but, even so, we should defer to the court's later finding that it intended to impose an indeterminate sentence. The State points to "evidence in the record supporting the trial judge's determination"—a DOC presentence investigation report advising the court that it must impose an indeterminate sentence for second degree rape of a child and the court's order imposing community custody for "life" for count 1 as if it had issued an indeterminate sentence.

But in deciding whether an error is "judicial" or "clerical," we ask whether the judgment, as amended, embodies the trial court's intention <u>as expressed in the record when the court issues its order</u>. <u>Hendrickson</u>, 165 Wn.2d at 479. At

the sentencing hearing in this case, the court ordered a determinate term of confinement. So the amended judgment does not embody the intent expressed by the court at that hearing. A trial court cannot use a nunc pro tunc order to " 'speak what it did not speak but ought to have spoken.' " Hendrickson, 165 Wn.2d at 478[1] (quoting Ryan, 146 Wash. at 117).

The trial court erred by issuing a nunc pro tunc order to amend its unlawful sentence. We reverse and remand for resentencing.[2]

WE CONCUR:

_____

_____        _____

---

[1] Internal quotation marks omitted.

[2] The State contends that even if the trial court erred by entering a nunc pro tunc order, "[a]t most the relief that the defendant is entitled to is to strike the 'nunc pro tunc' designation," leaving the order amending the judgment and sentence intact. But where an error is judicial, "the court cannot amend the judgment and sentence." State v. Snapp, 119 Wn. App. 614, 627, 82 P.3d 252 (2004) (a trial court has no authority to correct a judicial error under CrR 7.8(a)). Instead, the court must resentence the defendant. Smissaert, 103 Wn.2d at 640.