# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56717-2-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ROY J. TOWNSEND, | |
| Appellant. | |

CHE, J. — In 1997, Roy Townsend was convicted of one count of first degree murder, one count of second degree arson, and one count of first degree theft. Townsend was sentenced to an exceptional sentence; however, the sentencing court did not check the box on Townsend's judgment and sentence indicating that the findings of fact and conclusions of law supporting his sentence were attached in Appendix 2.4. In 2021, Townsend filed a CrR 7.8 motion, arguing that his judgment and sentence was facially invalid and that he must be resentenced. The trial court transferred Townsend's CrR 7.8 motion to this court as a personal restraint petition (PRP) and later entered a nunc pro tunc order checking the box that stated findings and conclusions supporting an exceptional sentence were attached to the judgment and sentence. Townsend appeals the trial court's transfer of the CrR 7.8 motion to this court as a PRP and the nunc pro tunc order.

We hold that (1) having already determined that the trial court's transfer of Townsend's CrR 7.8 motion to this court was proper, Townsend's challenge to the transfer is moot; (2) the trial court did not abuse its discretion by entering the nunc pro tunc order amending Townsend's judgment and sentence; and (3) we reject Townsend's claim that the trial court bifurcated the CrR 7.8 motion. Accordingly, we affirm the trial court's nunc pro tunc order.

FACTS

In 1997, a jury convicted Townsend of one count of first degree murder, one count of second degree arson, and one count of first degree theft. The trial court imposed an exceptional sentence of 740 months. The trial court also imposed a 60 month deadly weapon enhancement for Townsend's first degree murder conviction. In calculating Townsend's offender score, the sentencing court included a prior conviction for robbery and possession of a weapon in Alaska on March 24, 1997.

The sentencing court entered findings of fact and conclusions of law supporting Townsend's exceptional sentence in Appendix 2.4 of the judgment and sentence. But the sentencing court did not check the box on Townsend's judgment and sentence indicating that the findings of fact and conclusions of law were attached in Appendix 2.4. Townsend's judgment and sentence and Appendix 2.4 were filed separately on September 4, 1997.

Townsend appealed his convictions. This court and the Supreme Court affirmed. On January 26, 2001, the Supreme Court issued its mandate terminating review.

In September 2021, Townsend filed a CrR 7.8 motion that serves as the basis of this appeal. Townsend argued that he should be resentenced because his judgment and sentence reflected an erroneous offender score that included his Alaska conviction. Townsend argued that

2

he was incarcerated in the Mason County Jail at the time of the alleged March 1997 Alaska

conviction. Townsend attached a Jail Time Certification to his motion, which showed that he

was incarcerated in Mason County from January 3, 1997 to September 4, 1997. Townsend

further argued that his judgment and sentence did not provide support for imposing an

exceptional sentence. Believing his judgment and sentence to be facially invalid, Townsend

argued that his motion was timely and should not be transferred to this court.

The trial court orally ruled that the failure to check the box attaching Appendix 2.4 was a

scrivener's error. Accordingly, the trial court entered a nunc pro tunc order correcting

Townsend's judgment and sentence to:

> 1) check the box to indicate that [the findings and conclusions in] Appendix 2.4 [are] incorporated into the judgment and sentence; 2) check the box to indicate the sentence is an exceptional sentence above the standard range for count I; and 3) check the box to indicate that the prosecutor recommended a similar sentence. (Note: the prosecutor recommended a total sentence of 600 months, which included an exception[al] sentence of 483 months for count I).

Clerk's Papers (CP) at 67-68.

In addressing Townsend's remaining arguments, the trial court orally explained to

Townsend:

> I need to advise you, under the statute, that it is your discretion whether this matter gets transferred. This court will not hear it because it is barred under the rule, but the court does recognize it has an obligation to transfer your motion to the Court of Appeals for their consideration on its merits. Recognizing—and you need to recognize that you are only able to present an issue to the Court of Appeals one time. So, if the issues that you're raising in this motion are declined by the Court of Appeals, you cannot bring another PRP based upon the same type of issues down the road.
> So with that, do you wish to have this matter transferred up to the Court of Appeals as a PRP?

No. 56717-2-II

Rep. of Proc. at 22. Townsend agreed to have the matter transferred to this court as a PRP. The trial court subsequently entered an order transferring Townsend's CrR 7.8 motion to this court as a PRP.

Townsend filed this appeal from the trial court's nunc pro tunc order and from the order transferring his CrR 7.8 motion to this court as a PRP. On August 3, 2022, this court dismissed Townsend's PRP as time barred.[1] In addressing Townsend's arguments concerning his Alaska conviction, this court explained that "any error in the criminal history cannot be determined from the face of the judgment and sentence, so it is not *facially* invalid."[2]

ANALYSIS

I. TRANSFER OF CrR 7.8 MOTION AS A PRP

Townsend argues that the trial court erred in transferring his CrR 7.8 motion to this court as a PRP. Townsend contends that the March 1997 Alaska conviction included in his offender score rendered his judgment and sentence facially invalid and not time barred. We conclude that the issue relating to the trial court's transfer of Townsend's CrR 7.8 motion to this court as a PRP is moot.

Under CrR 7.8(c)(2), the superior court "shall transfer a motion [for relief from judgment] to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090." Under RAP 16.8.1(a), this court conducts a preliminary review of PRPs. If this court determines that "the superior court

---

[1] Ord. Dismissing Pet., *In re Pers Restraint of Townsend*, No. 56504-8-II (Wash. Ct. App. Aug. 3, 2022).

[2] *Id.*

4

clearly erred in transferring" a CrR 7.8 motion to this court, this court "will remand the matter to the superior court." RAP 16.8.1(c).

However, this court already has determined that the trial court did not err in transferring the CrR 7.8 motion to this court. Having conducted a preliminary review of Townsend's petition, "the Acting Chief Judge has decided that the superior court acted within its authority and [that] the transfer was proper." Letter from Derek M. Byrne, Court Clerk, to Roy J. Townsend, Petitioner (Jan. 4, 2022), *Pers. Restraint Pet. of Townsend*, No. 56504-8-II (Wash. Ct. App.).

"An issue is moot if it is not possible for this court to provide effective relief." *State v. Deskins*, 180 Wn.2d 68, 80, 322 P.3d 780 (2014). Here, we cannot provide the relief Townsend seeks. Because we have already ruled on this issue, Townsend's challenge to the trial court's transfer of the CrR 7.8 motion to this court as a PRP is moot.

## II. NUNC PRO TUNC ORDER

Townsend argues that the trial court's nunc pro tunc order is an abuse of discretion because it amended Townsend's judgment and sentence to include wholly new information not contained in the record. Specifically, Townsend challenges the trial court's order stating:

> Paragraph 2.4 on page 2 of the judgment and sentence is corrected to: . . . 3) check the box to indicate that the prosecutor recommended a similar sentence. *(Note: the prosecutor recommended a total sentence of 600 months which included an exception[al] sentence of 483 month for count I).*

CP 67-68 (emphasis added). Townsend argues that trial court exceeded its authority by including information about the State's 1997 sentencing recommendation.

The State argues that the trial court's parenthetical note does not add any new information. However, the State has no objection to striking the trial court's parenthetical note

from the order. The State characterizes the language as "a parenthetical explanation of the term 'similar' that appears in the preceding sentence of the order." Br. of Resp't at 12.

Under CrR 7.8(a), clerical mistakes in judgments "and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party." Clerical mistakes may be "corrected before review is accepted by an appellate court." CrR 7.8(a).

Generally, a nunc pro tunc order is "appropriate to correct only ministerial or clerical errors, not judicial errors." *State v. Hendrickson*, 165 Wn.2d 474, 479, 198 P.3d 1029 (2009). In determining whether an error is clerical or judicial, "'a reviewing court must ask itself whether the judgment, as amended, embodies the trial court's intention, as expressed in the record at trial.'" *Id.* A clerical error "is one made by a clerk or other judicial or ministerial officer in writing or keeping records." *Id.*

A nunc pro tunc order is proper "'to rectify the record as to acts which did occur, not as to acts which should have occurred.'" *Id.* at 478 (quoting *State v. Smissaert*, 103 Wn.2d 636, 641, 694 P.2d 654 (1985)). A trial court misuses a nunc pro tunc order where "it uses such an order to change its mind or rectify a mistake of law." *Id.* at 479. We review "a trial court's exercise of its authority to enter a nunc pro tunc order for abuse of discretion." *Id.* at 478.

Here, the trial court's nunc pro tunc order corrected a clerical error and did not amount to an abuse of discretion. Townsend's judgment and sentence and Appendix 2.4 were filed on the same day. Appendix 2.4 sets out the trial court's findings of fact and conclusions of law supporting "an exceptional sentence of 800 months [total]." CP at 1. Townsend's judgment and sentence imposed 800 months of confinement on count I. The trial court and Townsend signed

both his judgment and sentence and Appendix 2.4. The consistency in sentence length, filing date, and signatures demonstrate that the trial court originally intended to impose an exceptional sentence supported by Appendix 2.4, but merely failed to check the necessary box on the judgment and sentence. The trial court's failure to check the box attaching Appendix 2.4 in 1997 was a clerical error and it was made prior to this appellate court's acceptance of the matter for review.

Furthermore, the trial court's parenthetical explanation did not add new information not previously contained in the record. The record contains a court docket with handwritten notes evidencing that the State asked for a sentence of 600 months. The docket further shows that "exceptional findings [were] found." CP at 85. In light of the court docket, the trial court's explanatory parenthetical expresses the original trial court's intentions and considerations in imposing an exceptional sentence.

Accordingly, the trial court's nunc pro tunc order appropriately corrected a clerical mistake in Townsend's judgment and sentence and did not supplement the record with new information. Because the trial court's nunc pro tunc order is appropriate, the State's concession concerning the explanatory parenetical is unnecessary. Thus, we affirm the trial court's nunc pro tunc order.

### III. BIFURCATION OF CrR 7.8 MOTION

Townsend argues that the trial court erred by bifurcating his CrR 7.8 motion into two parts by transferring the motion while simultaneously entering an order correcting the judgment and sentence nunc pro tunc.

7

Here, the trial court did not bifurcate Townsend's CrR 7.8 motion. Under CrR 7.8(c)(2), the trial court had the authority to transfer Townsend's CrR 7.8 motion to this court. After transferring Townsend's motion to this court, the trial court further acted within its authority to amend Townsend's judgment and sentence nunc pro tunc at any time pursuant to CrR 7.8(a). CrR 7.8(a) allowed the trial court to correct a clerical error at any time so long as it was before review is accepted by an appellate court. The trial court's clerical error correction was made before acceptance of the matter by this court.

CONCLUSION

We affirm the trial court's nunc pro tunc order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, P.J.

Lee, J.